8718

STATE v. ROGERS.

1. EVIDENCE—LETTER—HARMLESS ERROR.—An unsigned letter threatening a witness against a defendant should not be admitted in evidence unless connected with the defendant. Here such admission held harmless, because the Judge on admitting it instructed the jury that if it was not connected with defendant, they should not consider it, and not a *scintilla* of evidence was introduced tending to connect the defendant with it.

2. IBID.—NEW TRIAL.—AN AFFIDAVIT ruled out and not read before the jury inadvertently got to the jury with the indictment from the Judge's desk and the error was not discovered until after the defendant was convicted, sentenced and Court had adjourned. On appeal new trial granted.

Before GAGE, J., Marlboro. Reversed.

Indictment against Walter Rogers. Defendant appeals.

*Mr. J. K. Owens,* for appellant, cites: *Party offering irrelevant evidence should connect it:* 16 S. C. 575; 17 S. C.

129; 16 Cyc. 1114; 76 S. C. 275. *It is error to send to the jury papers not in evidence:* 29 Cyc. 808; 28 Cyc. 1832; 16 Tex. Civ. App. 544; 97 Me. 293; 38 Cyc. 1833; 2 Rich. 119; 2 Strob. 183, 416; 4 Rich. 597; 44 S. C. 538.

*Mr. D. D. McColl,* for the State, contra.

January 13, 1914. The opinion of the Court was delivered by

MR. JUSTICE WATTS. The defendant was tried and convicted under an indictment charging him with wilful and malicious injury to the cars and engine of the Atlantic Coast Line Railroad Company, and endangering the lives of the train crew and passengers. During the trial of the case a letter postmarked "Bennettsville, S. C., Jan. 22, 3 p. m.," addressed to "John Johnson, Red Springs, N. C.," was offered in evidence and over objection of defendant's counsel admitted and read to the jury as part of the evidence in the case. John Johnson was a witness for the State and the letter, without signature, was of a threatening nature with a coffin drawn on it and intended to intimidate. His Honor, the presiding Judge, when he admitted the letter in evidence said to the jury: "Gentlemen, I allowed that letter to be introduced in evidence to show that somebody has animus against this man who testified, unless the testimony goes further and connects the sender with the defendant, you will not consider it as testimony tending to prove his guilt." During the whole trial of the case there was not a *scintilla* of evidence to connect the defendant with the sender of the letter. Indeed no effort was made at all to do so. During the course of the trial an affidavit, dated Mar. 11, 1913, signed by Hattie Rogers, who was the wife of the defendant, was offered in evidence by the acting Solicitor. This affidavit was objected to and submitted to the Court, and read by the Judge, but not read in the presence and

hearing of the jury. His Honor sustained the objection and refused to allow the affidavit to be read, but the Judge inspected and read the same and laid it on his desk. When he charged the jury, after all the evidence was in and argument over, when he handed the indictment to the foreman of the jury he inadvertently put this affidavit in the record and it went to the jury along with the indictment. After verdict was rendered and sentence passed and the Judge had adjourned Court and left the county, then, for the first time, was discovered, by both counsel for the State and defendant's counsel, that this affidavit which his Honor had ruled incompetent and refused to be allowed read to the jury, had accidentally and inadvertently been given them. After conviction and sentence the defendant appealed, and by four exceptions alleges error on the part of his Honor and asks reversal.

The first and second exceptions allege error in admitting over objection the letter addressed to John Johnson, and allowing affidavit of Hattie Rogers to get before the jury, even though the Judge did not intend for them to see it, and claim that it was prejudicial. His Honor should not have admitted in evidence the letter complained of in the first exception to John Johnson without connecting the defendant in some manner with it. It would have been better to require the State then and there after it was admitted to connect the defendant with it, and upon failure to do so to have ruled it out. Such evidence introduced cannot but be unfair and prejudicial to a defendant to show that some one is attempting to influence by fear, fright, favor or bribery, the jury or witnesses improperly, even though they claim to act for the defendant unless they connect the defendant with it. It would be a prostitution of justice to prejudice the defendant thereby where there is evidence of wrongdoing on the part of some one acting for himself or some one else other than a defendant and no proof of any nature, kind, or description that in any manner

connects defendant with the tampering or interfering, but as his Honor clearly told the jury this letter could not be considered by them unless later the defendant was connected with it and no further effort made to connect the defendant with the letter, this exception must be overruled.

. The second exception must be sustained, as the affidavit of Hattie Rogers, the wife of the defendant, shows that the father of the defendant attempted to prevent her from testifying against the defendant and telling what she knew in the case, and offered valuable inducement to prevent her testifying. There was nothing to connect the defendant with this attempt on the part of the father to suppress testimony, and the affidavit got to the jury after his Honor had ruled it incompetent, without any explanation on the part of the Court that it was incompetent and to be disregarded, not denied by the father, who was alleged to have attempted to improperly influence Hattie Rogers' testimony and unexplained by him or the defendant, and we cannot say that taken with all of the evidence in the case that it was not prejudicial to the defendant, but on the contrary the jury might have arrived at the conclusion that they did by the incompetent testimony, and we have no doubt if it had been discovered before his Honor adjourned the Court what had transpired but that he would have set the verdict aside and granted a new trial.

Judgment reversed and new trial granted.

MR. JUSTICE FRASER. I concur in the result. I think that the admission of both the letter and affidavit were reversible errors. If the letter had been signed it would have been necessary first to prove the signature. I cannot see how the want of a signature could have rendered it admissible under the promise to prove the connection later.