## 21153

The STATE, Respondent, v. Isaac E. CARSON, Appellant.

(262 S. E. (2d) 918)

*Staff Atty. Tara D. Shurling,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes* and *State Atty. Lindy Pike Funkhouser,* Columbia, and *Sol. Capers G. Barr, III,* Charleston, *for respondent.*

February 19, 1980.

GREGORY, Justice:

Appellant was found guilty of the offense of misprision of felony and appeals. We affirm.

Appellant, an eye witness to the murder and armed robbery of a Charleston shopkeeper, hastily left the scene upon the arrival of police. When later questioned by investigating officers concerning the events, appellant denied he was present when the crimes were committed or that he had any information about the offenses or the perpetrator. Police had information to the contrary from other sources that appellant was indeed at the scene of the crimes. As a result, he was subsequently arrested and indicted for conspiracy, murder, attempted armed robbery and misprision of felony.

While in custody, appellant sent word to the investigating officers he wished to make a statement. What followed was a purely exculpatory story, admitting appellant was present at the scene and witnessed the murder, but providing no evidence whatsoever of any complicity in the crimes or with the perpetrator.

At trial the state proceeded only on the misprision offense. Appellant was convicted and sentenced to a three-year term

of imprisonment. This appeal is from the denial of certain trial motions challenging the prosecution of that offense on the basis it is violative of and prohibited by the United States Constitution's Fifth Amendment privilege against self- incrimination and our State Constitution's identical provision found in Article I, Section 12.

The offense of misprision of felony is a part of the common law of England and of this country as well. 21 Am. Jur. 2d *Criminal Law*, § 7; 15A C. J. S. *Compounding Offenses* § 2(2). It is also recognized by statute in the federal law[1] and in certain jurisdictions wherein it is punishable as a misdemeanor.

Appellant and the state are in agreement with the following description of the common law offense:

It is described as a criminal neglect either to prevent a felony from being committed or to bring the offender to justice after its commission, but without such previous concert with, or subsequent assistance of, him as will make the concealer an accessory before or after the fact.

15 C. J. S. *Compounding Offenses* § 2(2); see also, Black's Law Dictionary 902 (5th ed. 1979). Under the federal and state statutes embodying the offense, mere silence or failure to come forward is not enough to constitute misprision; there must be some positive act of concealment of the felony. *United States v. Johnson*, 546 F. 2d 1225 (5th Cir. 1977); 21 Am. Jur. 2d *Criminal Law*, § 7.

It cannot be seriously questioned that the offense, cognizable at common law, exists in this state. Section 14-1-50, Code of Laws of South Carolina (1976), provides:

All, and every part, of the common law of England, where it is not altered by the Code or inconsistent with the Constitution or laws of this State, is hereby continued in full force and effect in the same manner as before the adoption of this section.

---

[1] 18 U.S.C. § 4.

Appellant argues against our recognition of the offense on the grounds it has lain dormant for so long and is without precedent in this state. However, this argument was not raised in the court below and by exception and is therefore improperly before us for the first time on appeal. See cases collected in 7A West's South Carolina Digest, *Criminal Law*, at Key No. 1028. We note, however, that had such an argument been raised and preserved, it would yet be unpersuasive. It is clear that the common law will not be impliedly changed, but only by clear and unambiguous legislative enactment will the settled rules of common law be eroded. *Coakley v. Tidewater Construction Corporation*, 194 S. C. 284, 9 S. E. (2d) 724 (1940); *Nuckolls v. Great Atlantic & Pacific Tea Co.*, 192 S. C. 156, 5 S. E. (2d) 862 (1939). The General Assembly has neither enacted, modified nor repealed the common law offense of misprision of felony.

Appellant contends the offense by its very nature conflicts with his privilege against self-incrimination. We disagree. While it is true the privilege sometimes works to bar prosecution for misprision, this is only when the statements concealed would incriminate the defendant as an accessory or principal in the protected felony. See *United States v. Trigilio*, 255 F. (2d) 385 (2nd Cir. 1958); *United States v. Pittman*, 527 F. (2d) 444 (4th Cir. 1975), *cert. denied*, 424 U. S. 923, 96 S. Ct. 1132, 47 L. Ed. (2d) 331; *United States v. Kuh*, 541 F. (2d) 672 (7th Cir. 1976).

Here, there is no particular conflict with the proscription against self-incrimination shown. Appellant deliberately concealed important information when police first questioned him which, when later disclosed, fully exculpates appellant from the crimes he witnessed. The argument that his arrest demonstrates he was in an incriminating position overlooks the reason for his arrest. Appellant created a reasonable and probable cause to believe he was involved in the crimes by concealing information and denying he was present in the face of independent evidence ob-

tained by the police that appellant was at the scene of the crimes. In fact, appellant was neither a principal nor an accessory before or after the fact, but merely a witness who concealed valuable information from the investigating officers. That in itself constitutes the common law offense of misprision of felony.

The judgment of the lower court is accordingly affirmed.

Affirmed.

LEWIS, C. J., LITTLEJOHN and NESS, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.