22767

The STATE, Respondent v. Von Ceil LEWIS, Appellant.

(359 S. E. (2d) 66)

Supreme Court

*Deputy Chief Atty. Elizabeth C. Fullwood,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. General Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard June 10, 1987.

Decided Aug. 10, 1987.

LITTLEJOHN, Acting Associate Justice:

Appellant, Von Ceil Lewis (Lewis), was convicted of conspiracy, solicitation of murder and accessory before the fact of murder. Lewis was sentenced to five years, ten years and life on the respective charges. She was tried with her co-defendant, Lee Grant Bellamy (Bellamy), who was convicted of murder and sentenced to death.

Lewis conceded at trial she was guilty of conspiracy and solicitation of murder. Accordingly, on appeal she chal-

lenges only her conviction for accessory before the fact of murder. We affirm.[1]

## FACTS

This case involves a contract killing. Lewis sold marijuana and cocaine for her cousin, Roland Vereen (Vereen), in the Wampee section of Horry County. Lewis and Vereen had a disagreement, and she asked two men if they would kill him and wound a man named Jerome Lewis (Jerome) for $2000. Both men refused. Thereafter, Lewis asked Bellamy to do the job. Bellamy agreed, requesting $12,000, of which Lewis promised to pay $2500 after Easter 1985.

On February 11, 1985, Bellamy purchased a gun. He killed Vereen on February 28, 1985, by shooting him five times in the head at close range.

## ISSUES

1. Did the trial judge err in limiting Lewis's cross-examination of Bellamy's witness, Omega Lewis, as to uncommunicated prior threats made by Vereen on Bellamy's life?

2. Did the trial judge err in permitting Bellamy to testify as to threats Lewis made on his life?

3. Did the trial judge's statement concerning Lewis's redacted statement constitute an unconstitutional comment upon the facts?

4. Did the trial judge err in overruling Lewis's challenge to a peremptory strike of a black juror?

## I. LIMITATION OF
## CROSS-EXAMINATION

Lewis contends the trial judge erred in limiting her cross-examination of Bellamy's witness, Omega Lewis, as to a conversation he overheard between Jerome and Vereen. In this alleged conversation, Vereen told

---

[1] On direct appeal, this court reversed Bellamy's conviction and remanded for a new trial. *State v. Bellamy*, 293 S. C. 103, 359 S. E. (2d) 63 (1987). However, under S. C. Code Ann. § 16-1-50 (1985) an accessory may be convicted notwithstanding the principal has not been convicted of the substantive crime. Accordingly, there is no inconsistency between the reversal of Bellamy's case and the affirmance of Lewis's conviction.

Jerome he would not return Jerome's pistol because he planned to kill Bellamy with it.

The trial judge ruled the proffered testimony inadmissible on the ground of hearsay. However, he ruled that Jerome, a direct party to the alleged conversation, would be permitted to testify to its contents under the state of mind exception to the hearsay rule. Jerome had testified earlier in the trial and was available to be recalled. Neither Lewis nor Bellamy elected to recall Jerome.

The admission and rejection of proffered testimony is largely within the sound discretion of the trial judge. Absent an abuse of discretion, his rulings will not be disturbed on appeal. *State v. Groome,* 274 S. C. 189, 262 S. E. (2d) 31 (1980). Here, Lewis could have called Jerome to testify to the alleged statement by Vereen. Her decision not to do so indicates she perceived no prejudice in the trial judge's ruling as to Omega Lewis. We find no error.

## II. BELLAMY'S TESTIMONY AS TO LEWIS'S THREATS ON HIS LIFE

Bellamy testified on direct examination that he purchased the murder weapon because of threats on his life. He further testified that he was aware Lewis had threatened his life on three occasions. Lewis objected on the ground Bellamy's knowledge was based upon hearsay obtained from third parties. The trial judge overruled the objection, reasoning that Bellamy's answer was based on his knowledge, however acquired.

The rule against hearsay prohibits the admission of out-of-court statements offered to prove the truth of the matter asserted therein unless an exception to the rule is applicable. *Player v. Thompson,* 259 S. C. 600, 193 S. E. (2d) 531 (1972). Conversely, if an out-of-court statement is not offered to prove the truth of the matter asserted, and is otherwise competent, it is admissible. *State v. Griffin,* 277 S. C. 193, 285 S. E. (2d) 631 (1981).

Here, Bellamy's testimony regarding what third parties told him as to Lewis's alleged threats to kill him was not hearsay as it was not offered to prove that Lewis intended to kill him. Rather it was offered to show Bellamy's state of

mind, that is, the reason he bought a gun and had it with him on the night of the murder.

## III. COMMENT UPON FACTS

Pursuant to the trial judge's rulings, Lewis's written statement was redacted to delete reference to her co-defendant, Bellamy. *See Richardson v. Marsh,* _____ U.S. _____, 107 S. Ct. 1702, 95 L. Ed. (2d) 176 (1987). Before the admission of the statement, the trial judge explained to the jury that certain portions of it had been omitted as required by law. He ended the explanation by stating:

> But, let me further say that the substance of the statement, if not the same it is substantially the same. And you must accept that position that the law, through me, did this redacting.

Lewis contends this comment constitutes a charge to the jury in respect to a matter of fact, as prohibited by S.C. Const. art. V, § 21. We disagree. The judge's comment was merely an explanation of what had been done procedurally to the statement. It was not a comment on the weight, sufficiency or credibility of the evidence as prohibited by the Constitution.

## IV. PEREMPTORY STRIKES

Following jury qualification and *voir dire* examination, a panel of 42 potential jurors was selected. The State exercised three peremptory strikes against black jurors and one against a black alternate juror. As a result, Lewis was tried by an all white jury.

Lewis joined in Bellamy's motion challenging the peremptory strikes under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. (2d) 69 (1986). The trial judge ruled there was a *prima facie* showing the State exercised its peremptory strikes in a discriminatory manner, and called upon the solicitor to give explanations.

Lewis challenges the strike against only one juror, Albert Long. The solicitor explained he struck Mr. Long because *voir dire* questions revealed he knew one of Bellamy's attorneys.

To rebut a *prima facie* showing under *Batson*, the prosecution must "articulate a neutral explanation related to the particular case to be tried." 476 U.S. at ____, 106 S. Ct. at 1723, 90 L. Ed. (2d) at 88. The explanation need not rise to the level justifying exercise of a challenge for cause. Here, the solicitor's explanation is founded upon evidence in the record and is racially neutral. We find no error.

Lewis's remaining exceptions are without merit, and we affirm pursuant to Supreme Court Rule 23. *See State v. Vanderbilt*, 287 S. C. 594, 340 S. E. (2d) 543 (1986) [contemporaneous objection must be made to preserve issue for appellate review].

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.