22807

The STATE, Respondent v. Lavelle MARTINEZ, Appellant.

(362 S. E. (2d) 641)

Supreme Court

*Jack B. Swerling,* of *Swerling & Harpootlian,* and *David Bruck* and *John Blume,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Amie L. Clifford,* and *Sol. James C. Anders, Jr.,* Columbia, *for respondent.*

Heard Oct. 6, 1987.

Decided Nov. 30, 1987.

GREGORY, Justice:

Appellant was convicted of first degree burglary and first degree criminal sexual conduct. He was sentenced to consecutive terms of life imprisonment and thirty years. We affirm.

Appellant is a member of the black race. After the Solicitor struck four of the five black jurors presented, the trial judge found a prima facie showing of racial discrimination under *Batson v. Kentucky,* 476 U. S. 79, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986).[1] The Solicitor offered the following explanations for the four strikes: Juror Johnson worked for the Department of Mental Health; Juror Smith was "chronically unemployed"; Jurors Wilson and Salley were of the same sex and age group as appellant and also had "possible criminal records."

■ Appellant complains the Solicitor's use of age as an explanation is insufficient because he did not strike whites of the same age group. This argument ignores the fact that both Juror Wilson and Juror Salley were noted as having possible criminal records. Appellant also complains unemployment is insufficient as a racially neutral explanation because there is a disproportionate amount of unemployment among blacks. We reject this argument.

*Batson* requires only a racially neutral explanation that need not rise to the level of justification of a challenge for cause. *State v. Lewis,* 293 S. C. 107, 359 S. E. (2d) 66 (1987). We find the reasons stated are sufficient.

Appellant further complains the Solicitor's explanation for his fourth strike mistakenly named the wrong juror and the actual fourth strike was never explained. The record, however, indicates that all parties acquiesced in the discussion of Juror Salley as the fourth black juror struck. (Tr. p. 18). The appellant failed to raise this objection to the trial judge or by exception on appeal and therefore this argument is improperly before us. *State v. Carson,* 274 S. C. 316, 262 S. E. (2d) 918 (1980).

---

[1] This case was tried before our decision in *State v. Jones,* 293 S. C. 54, 358 S. E. (2d) 701 (1987), which set forth procedural guidelines for a *Batson v. Kentucky* hearing.

Next, appellant contends he was entitled to a directed verdict of acquittal because the evidence was insufficient to identify him as the perpetrator.

The victim, a seventeen-year-old female, testified that on March 7, 1986, she locked the door to her apartment and went to bed between 11:00 and 11:30 p.m. She awoke sometime later to find a naked man crawling into her bed in the dark. The man rubbed the sharp edge of a knife on the victim's arm and threatened to hurt her if she did not cooperate. He pinned her down by violently jerking her hair and raped her. She testified she scratched him on the back of the neck while struggling with him.

After raping the victim, the man forced her into the kitchen while he dressed. It was dark. Something fell out of his pocket while he was putting on his pants. The man then left the apartment.

The victim immediately went nearby to her sister's house and the police arrived shortly thereafter. Upon returning to the victim's apartment, a police officer found appellant's wallet on the kitchen floor. When shown appellant's driver's license, the victim said her assailant appeared similar to the person pictured on the license. She described her assailant as a small-framed black man with short, wavy hair and a thin moustache.

Appellant was arrested a short time later. He matched the victim's description and had a scratch on the back of his neck.

A motion for directed verdict is properly refused if when viewed in the light most favorable to the State, there is any evidence, direct or circumstantial, tending to establish the defendant's guilt. *State v. Schrock*, 283 S. C. 129, 322 S. E. (2d) 450 (1984). The evidence that appellant's wallet was found at the scene, that the victim said her assailant looked similar to the person pictured on appellant's driver's license, and that appellant's appearance was consistent with the description given by the victim, including a scratch on the back of his neck, clearly created a jury issue whether appellant was the assailant.

Appellant's remaining exceptions are without merit and are disposed of pursuant to Supreme Court Rule 23. *See*

*State v. Caldwell*, 283 S. C. 350, 322 S. E. (2d) 662 (1984) (hearsay). Accordingly, the judgment of the circuit court is

Affirmed.

HARWELL and CHANDLER, JJ., concur.

NESS, C. J., and FINNEY, J., dissenting in separate opinions.

NESS, Chief Justice (dissenting):

I disagree with the majority's analysis of the mandates of *Batson v. Kentucky*, 476 U. S. 79, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986). The solicitor exercised four of his five peremptory challenges against members of the black race. After appellant objected and established a *prima facie* case under *Batson*, the solicitor explained the striking of the black jurors as follows: juror Miranda Smith was unemployed; juror Gwendolyn Johnson was an employee of the Department of Mental Health; and juror Billy Wilson was the same age and sex as appellant and had a possible criminal record. The solicitor also stated he had striken juror Joseph Bright for the same reason he had struck juror Billy Wilson. It was later determined that juror Joseph Bright had never been selected for this jury, and juror Robert W. Smith, a black juror, had been stricken without explanation.

The solicitor's explanation of racial neutrality "need not rise to the level justifying exercise of a challenge for cause," but it must be "neutral," "related to the case to be tried," and "must be a 'clear and reasonably specific,' explanation of. [the solicitor's] 'legitimate reasons' for exercising the challenges." *Batson*, 106 S. Ct. 1723, 1724 and fn. 20. *See also, State v. Lewis*, 293 S. C. 107, 359 S. E. (2d) 66 (1987). It would be impossible to set forth a laundry list of acceptable and unacceptable explanations under *Batson*.[1] Each strike must

---

[1] Courts are already struggling to identify acceptable and unacceptable explanations for the striking of black jurors. *See, e.g.; United States v. Woods*, 812 F. (2d) 1483 (4th Cir. 1987) [explanation sufficient where juror may have attended defendant's church and may have read inflammatory articles about the case.]; *United States v. Forbes*, 816 F. (2d) 1006 (5th Cir. 1987) [explanation sufficient where juror's son was "in legal trouble"].

necessarily be examined in light of the circumstances under which it is exercised, including an examination of the explanations offered for other peremptory strikes. *Gamble v. State*, 257 Ga. 325, 357 S. E. (2d) 792 (1987).

Here, the solicitor asserted that he struck juror Wilson because Wilson was the same age and sex as appellant. However, the solicitor accepted a white juror who was also the same age and sex of appellant. It is apparent this explanation was not sufficiently racially neutral to satisfy the equal protection dictates of *Batson. See, Garrett v. Morris*, 815 F. (2d) 509 (8th Cir. 1987) [prosecutor's asserted reason for excluding black prospective jurors was a pretext for racial discrimination in light of prosecutor's decision not to strike white jurors who differed in no significant way from black jurors who were excused.].

The solicitor also asserted that he struck juror Wilson because of a "possible criminal record." The trial judge questioned the solicitor in great detail about the basis for this explanation; however, the record reflects that the solicitor could not establish his basis for the assertion of a "possible criminal record" rested upon anything other than speculation.

In my opinion, the solicitor did not sufficiently rebut the *prima facie* showing of racially discriminatory peremptory strikes as to juror Wilson. Therefore, it is not necessary to examine the explanations of racial neutrality offered as to the other jurors.[2] Reversal is required because of the discriminatory challenge of Wilson.

Members of this Court have informally voiced their disagreement with the United States Supreme Court's holding in *Batson v. Kentucky*. The Court should not be permitted,

---

[2] The solicitor explained that he struck unemployed because a great number of criminal defendants come from "chronically unemployed backgrounds." He also said that he routinely struck employees of the Department of Mental Health because his experience with them as jurors had "generally ... been bad." The trial judge noted that these were "not very good explanations," but concluded they were not racially discriminatory. We note that once a defendant establishes a *prima facie* case of purposeful discrimination, the burden shifts to the State to articulate a neutral explanation for the strike of each member of the defendant's race. *State v. Jones*, 293 S. C. 54, 358 S. E. (2d) 701 (1987). *See also, United States v. Blake*, 819 F. (2d) 71 (4th Cir. 1987).

however, to circumvent the mandates of that decision by accepting any and all explanations offered by solicitors for use of peremptory challenges, however weak they may be. " 'Rubber stamp' approval of all nonracial explanations, no matter how whimsical or fanciful, would cripple *Batson's* commitment to 'ensure that no citizen is disqualified from jury service because· of his race." *State v. Butler*, 731 S. W. (2d) 265 (Mo. Ct. App. W. Dist. 1987).

My dissent in this opinion should not be interpreted as a philosophical disagreement with the other members of this court on the logic of the *Batson* holding; rather, it should be seen only as a realization that the decision is binding on this court.

I would reverse and remand for a new trial.

FINNEY, Justice (dissenting):

Being of the opinion that the reasons set forth by the solicitor are insufficient to establish a racially neutral explanation and, further, the articulated reasons are contradicted in the record, I concur in the result reached in the dissent.