24075

Elijah MINCEY, Petitioner v.
STATE of South Carolina, Respondent.
(444 S.E. (2d) 510

Supreme Court

---

[3] 292 S.C. 481, 357 S.E. (2d) 452 (1987).

*Chief Atty. Daniel T. Stacey,* of *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Joseph D. Shine,* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Heard March 2, 1994.

Submitted March 16, 1994; Decided May 23, 1994.

CHANDLER, Acting Chief Justice:

We granted certiorari to review the denial of Elijah Mincey's (Mincey's) application for Post-Conviction Relief (PCR).

We reverse.

### FACTS

Mincey was indicted for distribution of crack cocaine, conspiracy, and distribution within proximity of a school.

At trial, an undercover agent, Office James Rouse, testified that he and an informant, Charles Ann Chapman, went to Lin-

wood Street in Batesburg to make a drug buy. They drove up to a group of three or four men, one of whom approached the car. Rouse told the man he wanted to buy some crack, at which point the man returned to his friends. Mincey then approached the car and, after telling Rouse and Chapman that they "didn't have anything," waked back to the group. At trial, Rouse testified that he then observed Mincey hand a rock of crack cocaine to an individual named Walter "Scoop Dog" Williams, who approached the car and sold Rouse the crack for $20.

In Mincey's defense Walter "Scoop Dog" Williams, who had pled guilty to distribution and distribution in proximity of a school, testified that *he* had sold the crack to Rouse and that he had not obtained the crack from Mincey. Scoop Dog testified further that he had refused the Solicitor's "deal" to testify against Mincey because he, not Mincey, was the one who sold the crack. He denied that Mincey had in any way threatened him.

The testimony of a second witness, Chris Young, supported Scoop Dog's version of events. Young pled guilty to conspiracy.

In closing argument, the Solicitor stated:

> So, both of the defense witnesses [Scoop Dog and Young] that have gotten up here have pled guilty to being in on it with Elijah. I would say to you that what I feel is happening, look at 'Scoop Dog' over there. They didn't get him to stand up when they were going through the case. Elijah stands up, *he's a pretty intimidating man.* 'Scoop Dog' has been in jail with him since this thing happened. They've been in the same cell. They have the same run of the jail. 'Scoop Dog' has been right there next to him the whole time.
>
> I would have to submit to you that Elijah must be a *pretty awesome individual down in Batesburg. He must be pretty intimidating for these guys would come before Judge Connor, tell her, yes, we're guilty of this.* They had all the same options of a trial. But yes, we're guilty of this and we did this with Elijah but now, they have got to sit right here in this chair and look over at that man that stood up a minute ago and said well, I kind of—no, maybe

I didn't do it. You know, I'm not sure what the deal was. [Emphasis added.]

Regarding the informant, Chapman, the Solicitor, stated:

I would say as far as her, I think, she was nervous about the whole situation. *Maybe she's intimidated by Elijah.* She's got children. She lives down there, too. [Emphasis added.]

## *ISSUE*

Was counsel ineffective in failing to object to Solicitor's closing argument comments?

## *DISCUSSION*

Circuit Court held that Solicitor's closing argument was proper. We disagree.

To prove ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that he was prejudiced thereby. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. (2d) 674 (1984); *Thrift v. State,* 302 S.C. 535, 397 S.E. (2d) 523 (1990). Counsel in a criminal case must confine themselves to the record in addressing the jury. *State v. Coleman,* 301 S.C. 57, 389 S.E. (2d) 659 (1990). References to threats or dangers to witnesses are improper unless evidence is offered connecting the defendant with the threats. *State v. Merriman,* 287 S.C. 74, 337 S.E. (2d) 218 (Ct. App. 1985). It would be a "prostitution of justice" to permit evidence that someone attempted to influence a witness by fear of fright without any evidence that connects the defendant with the tampering. *State v. Rogers,* 96 S.C. 350, 352, 80 S.E. 620, 621 (1914).

Here, the testimony of Scoop Dog and Young was critical to Mincey's claim that he was in no way involved in the drug transaction. The Solicitor's inference that Scoop Dog and Young gave false testimony due to intimidation or threats by Mincey effectively contradicted his defense. There was, in fact, *no* evidence that Mincey intimidated any of the witnesses. Accordingly, counsel was ineffective in failing to object to the Solicitor's comments and Mincey was prejudiced thereby.

The judgment below is reversed, and the case remanded for a new trial.

Reversed.

Finney, Toal and Moore, JJ., and Jasper M. Cureton, Acting Associate Justice, concur.