678 S.E.2d 405

**The STATE, Respondent,**

v.

**Daniel EDWARDS, Jr., Petitioner.**

**No. 26657.**

Supreme Court of South Carolina.

Heard March 3, 2009.

Decided June 1, 2009.

Tara Shurling, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia, Solicitor Douglas A. Barfield, Jr., of Lancaster, for Respondent.

Justice KITTREDGE:

We granted a writ of certiorari to review the court of appeals opinion affirming the admission of witness intimidation evidence. *State v. Edwards,* 373 S.C. 230, 644 S.E.2d

66 (Ct.App.2007).[1]  We affirm as modified.  We adhere to this Court's jurisprudence and hold that a trial court may admit evidence of witness intimidation when the defendant is established as the source of the intimidation.

## I.

A jury found Daniel Edwards, Jr., guilty on three counts of criminal sexual conduct with a minor, second degree, and he was sentenced to prison.  The minor was his step-daughter.  The State's witnesses included the victim and her mother (Edwards' wife).  The victim's mother testified that Edwards told her "to get in touch with [the victim] and have her not show up because he had a hit out on her, [and] that she wouldn't make it through the courtroom doors."  When asked whether Edwards ever said "anything about what he would do to [the victim] if he were to go to jail on these charges," the victim's mother stated that "[h]e told me that he would have her killed or he would kill her when he got out."  This evidence was admitted over Edwards' objection.

Before admitting the testimony into evidence, the trial court carefully considered counsels' arguments and thoroughly examined the issue.

It is a statement by the defendant, alleged statement of the defendant.  Clearly there is a reasonable inference to be drawn from the statement that the testimony of the witness would be damaging to him. . . .

. . . [It] could be construed by the jury to some extent as an admission that he is guilty and will be found guilty and that he will punish her for that, for testifying to what, considering all the evidence in the light most favorable to the state  . . .  that he is the perpetrator of this crime.

. . . In this case, clearly in this situation, with the nature of the crime, I feel that it is tantamount to a threat, an attempted threat to discourage a witness from testifying.

There could be a logical inference that it wasn't made.  There could be an inference, and you're entitled to cross-

---

1.  The court of appeals also disposed of issues concerning the admission of prior bad acts evidence and the denial of a motion for a mistrial.  Certiorari was granted only on the challenge to the witness intimidation evidence.

examine, but the jury is entitled to weigh that. I think that the probative value as to certainly being corroborative, while it's not necessary—I'm going to charge the jury accordingly. It corroborates the State's position. It corroborates the allegations that he's the perpetrator. There could be no other logical explanation for the statement being made other than to intimidate a witness.

And for those reasons I think the prejudice is outweighed significantly by the probative value, so I will permit the testimony over the objection of counsel.

Edwards appealed, contending the evidence of alleged threats and witness intimidation was improperly admitted because the evidence was "unreliable." The court of appeals affirmed, relying primarily on case law from other jurisdictions, particularly the federal courts of appeals. The court of appeals observed that "[t]his appears to be a novel issue to South Carolina" and concluded by stating:

While the precedents from other jurisdictions are not controlling, we find them persuasive and in this case elect to adopt their analysis. Just as conflicting statements and attempts to flee are indicative of "guilty knowledge and intent," so too are the threats communicated here. Consequently, the trial judge did not err in admitting the evidence regarding threats by Edwards against the victim/witness.

*Edwards,* 373 S.C. at 237, 240, 644 S.E.2d at 70, 71 (internal citation omitted).

## II.

■ In criminal cases, this Court sits to review errors of law only. *State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006).

### A.

The question presented is not novel to South Carolina. This state's jurisprudence answers this challenge to the admissibility of evidence of witness intimidation, especially Edwards' focus on the reliability of the evidence.[2]

---

2. As noted, the testimony elicited during trial revealed that Edwards asked his wife to relay a death threat to the victim. We can envision a

In *State v. Rogers,* 96 S.C. 350, 80 S.E. 620 (1914), this Court addressed the admissibility of an unsigned letter delivered to a witness who later testified against Rogers. Rogers was "tried and convicted under an indictment charging him with willful and malicious injury to the cars and engine of the Atlantic Coast Line Railroad Company, and endangering the lives of the train crew and passengers." *Id.* at 351, 80 S.E. at 620. The letter introduced at trial was addressed to a witness for the State; the letter "was of a threatening nature, with a coffin drawn on it, and intended to intimidate." *Id.* at 351, 80 S.E. at 620.

At trial, the judge instructed the jury not to consider the letter as testimony to prove Rogers' guilt unless the State connected him to the letter, which it never did. This Court found the omission harmless, but made it clear the admission of the letter was in error: "[h]is honor should not have admitted in evidence the letter . . . without connecting the defendant in some manner with it. It would have been better to require the [S]tate then and there, after it was admitted, to connect the defendant with it, and, upon failure to do so, to have ruled it out." *Id.* at 352, 80 S.E. at 621.

This is the reliability analysis requested by Edwards—that is, the proponent of the evidence of intimidation must connect the defendant with the threat. Without establishing that connection, the evidence concerning witness intimidation is unreliable and therefore inadmissible.

This analysis is further supported by our reasoning and decision in *State v. Center,* 205 S.C. 42, 30 S.E.2d 760 (1944). In *Center,* this Court addressed the admissibility of evidence relating to witness intimidation. Center was convicted of violating a law dealing with the sale of alcohol. At trial, testimony revealed that Center's son came "to the shop [where one of the witnesses worked] and whipped [him] on [his] job." *Id.* at 47, 30 S.E.2d at 763. According to the witness, "[Center's son] said that if I got on the stand . . . that [what he had just done] was not half what he was going to do for me if I swore against his mother." *Id.* at 47–48, 30 S.E.2d at 763.

litany of other forms of witness intimidation, but for purposes of uniformity, we believe the term witness intimidation sufficiently captures the nature of the evidence in most situations.

The witness later revealed that being "whipped" meant he "[b]lacked my eye." *Id.* at 48, 30 S.E.2d at 763. The trial court admitted the witness intimidation evidence and Center was convicted. This Court reversed the conviction.

There is no testimony whatever that the defendant had any knowledge of such transaction, therefore they are the acts of a third party and such testimony is prejudicial where it is not shown the accused was privy thereto in that it is obnoxious to the rule of law res inter alios acta which is defined as " 'Things done between strangers ought not to injure those who are not parties thereto.' "

. . . .

In the above cited case the ones alleged to have made the threats were the mother and sister of the accused while in [the] instant case it was the son of the accused. In neither case was there any testimony showing that the accused had any knowledge of such threats.

*Id.* at 49–50, 30 S.E.2d at 764 (internal citation omitted).

*Center* stands for the proposition that the admissibility of witness intimidation evidence turns on whether the source of the intimidation may be linked to the defendant. The *Rogers* and *Center* analyses speak directly to the reliability sought by Edwards.

In *State v. Goodson,* 225 S.C. 418, 429, 82 S.E.2d 804, 809 (1954), a concurring opinion from this Court recognized that "[e]vidence that a person charged with [a] crime procured or attempted to procure [the] absence of a witness or to bribe or suppress testimony against him tends to show unrighteousness of defendant's cause and a consciousness of guilt."

More recently, in *Mincey v. State,* 314 S.C. 355, 444 S.E.2d 510 (1994), we dealt with the prejudicial effect of a solicitor's unsubstantiated reference in closing argument to witness intimidation. Elijah Mincey was convicted of distributing drugs. During Mincey's trial several people at the scene of the alleged drug distribution testified that he was not involved. In the State's closing argument, the solicitor referred to Mincey as "a pretty intimidating man." The solicitor also stated "[Elijah Mincey] must be pretty intimidating for these guys [to deny Mincey's involvement in the drug transaction],"

and concerning the confidential informer, "[m]aybe she's intimidated by Elijah." *Id.* at 357–58, 444 S.E.2d at 511.

Mincey sought post-conviction relief on the basis that trial counsel was ineffective for failing to object to the solicitor's comments concerning witness intimidation. The post-conviction relief court denied relief, and we reversed and remanded for a new trial. In granting post-conviction relief, we noted the absence of "evidence that Mincey intimidated any of the witnesses." *Id.* at 358, 444 S.E.2d at 512.

Today we follow *Rogers, Center,* the concurring opinion in *Goodson,* and *Mincey* and hold that witness intimidation evidence, if linked to the defendant, may be admitted to show a consciousness of guilt. Establishing the defendant as the source of the intimidation provides the necessary reliability for admissibility. Here, the mother of the victim identified Edwards as the author of the intimidation. Because the State presented evidence linking Edwards as the source of the witness intimidation, we find no abuse of discretion in the admission of the evidence.[3]

### B.

Our approach follows the majority of jurisdictions that have addressed the issue. For example, in *United States v. Hayden,* 85 F.3d 153, 159 (4th Cir.1996), the court noted that "[e]vidence of witness intimidation is admissible to prove consciousness of guilt and criminal intent under Rule 404(b), if the evidence (1) is related to the offense charged and (2) is reliable." Hayden challenged the trial court's admission of "evidence that he had written a threatening letter to a witness" and that he "telephoned [a witness] to threaten [the witness] and his family if [the witness] testified." *Id.* at 158–59. With regard to the letter, the *Hayden* court found:

There was no handwriting analysis, nor were there any fingerprints, and the letter was not signed—it was sent anonymously. The letter's content, however, pointed to

---

3. The admission of evidence, of course, remains in the sound discretion of the trial court. Relevant evidence may be excluded for a host of reasons, including a finding under Rule 403, SCRE, that the probative value of the evidence is substantially outweighed by its prejudicial effect.

[Hayden] as its author. The letter referred to the recipient as owing the writer money for drugs unpaid for. The recipient of the letter testified that . . . Hayden was the only person to whom he had ever owed drug money and about whom he was planning to testify. Thus, the recipient established the identity of the writer of the letter to a fairly reliable degree.

*Id.* at 159. As for the phone call, the court noted that the witness "was able to identify the voice [of Hayden]." *Id.* From the analysis in *Hayden*, it is reasonable to conclude that the Fourth Circuit equates the matter of reliability with the ability of the proponent of the evidence to link the threat to the defendant.

As noted, the prevailing view across the country is in accord, as our court of appeals commendably demonstrated in its thorough research of witness intimidation evidence in other jurisdictions. *Edwards*, 373 S.C. at 238–39, 644 S.E.2d at 70–71.

## III.

Edwards urges this Court to disallow, essentially on policy grounds, the type of witness intimidation evidence presented here. Edwards argues that the evidence is inherently unreliable and allowing such evidence will promote false allegations of witness intimidation. We do not discount Edwards' concerns. Yet we ultimately trust our adversarial system to work as designed. The trial judge serves a critical gatekeeping role, under Rule 403, SCRE, and otherwise, in determining the admissibility of evidence. Assuming the foundation for witness intimidation evidence has been satisfied and the evidence further survives a Rule 403 challenge, we trust the collective wisdom of juries to sift through conflicting evidence and find the truth.

In addition, while our jurisprudence in this area has been consistent since the early 1900s, it has been infrequent. In light of this Court's infrequent experience with this issue, and our review of other jurisdictions, we do not foresee a floodgate of witness intimidation evidence.

■ And finally, we are persuaded that the suggested *per se* rule disallowing evidence of witness intimidation would invite the very intimidation our system abhors. On balance, a cautious approach allowing for the admissibility of witness intimidation evidence serves to discourage witness intimidation as well as minimize the potential for false claims of witness intimidation.

## IV.

Because evidence was presented pointing to Edwards as the source of the witness intimidation and the trial court, after careful consideration, determined that the probative value was not substantially outweighed by the danger of unfair prejudice, we find no abuse of discretion in the admission of the evidence of witness intimidation. The court of appeals is

**AFFIRMED AS MODIFIED.**

TOAL, C.J., WALLER, BEATTY, JJ., and Acting Justice JAMES E. MOORE, concur.