THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Virgil Lee
 Calvin, Appellant.
 
 
 

Appeal From Clarendon County
 Howard P. King, Circuit Court Judge
Unpublished Opinion No. 2010-UP-463
Submitted October 1, 2010  Filed October
 25, 2010    
AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Assistant Attorney General Mary S. Williams, all of Columbia; and Solicitor
 Cecil Kelly Jackson, of Sumter, for Respondent.
 
 
 

PER
 CURIAM:   Virgil Lee Calvin was convicted of being a peeping tom
 and sentenced to two years' imprisonment.  On appeal, Calvin argues the trial
 court erred in (1) finding the State's peremptory strikes of two
 African-American males from the jury were proper and (2) admitting Calvin's
 arrest warrant into evidence as the victim's prior consistent statement.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:  
1.  As to whether the
 trial court erred in finding the State's peremptory strike of Juror One was proper: State v.
 Shuler, 344 S.C. 604, 615, 545 S.E.2d 805, 810 (2001) (holding the appellate court applies the deferential
 clearly erroneous standard of review to the trial court's findings with respect
 to a Batson[2] challenge of a juror strike); State v. Martinez, 294 S.C. 72, 73,
 362 S.E.2d 641, 642 (1987) (finding a possible criminal record is a racially
 neutral reason for a juror strike); State v. Casey, 325 S.C. 447, 453 n.2, 481 S.E.2d 169,
 172 n.2 (Ct. App. 1997) (holding a prior criminal conviction is a racially
 neutral reason to strike).  We
 decline to reach the issue of whether the trial court erred in finding the
 peremptory strike of Juror Two was proper. See State v. Bryant,
 372 S.C. 305, 315-16, 642 S.E.2d 582, 588 (2007) (finding when an appellant
 concedes an issue at trial, it cannot be raised on appeal); see also State v. Gill, 327
 S.C. 253, 254, 489 S.E.2d 478, 478 (1997) (finding a Batson issue is not
 properly preserved for review when it was not raised to or ruled upon by the
 trial court).  
2.  As to whether the
 trial court erred in admitting the victim's prior consistent statement:  State v. Fulton, 333 S.C. 359, 363-64,
 509 S.E.2d 819, 821 (Ct. App. 1998) ("To warrant reversal, an appellant must show not
 only an alleged error, but resulting prejudice."); State v. Jarrell, 350 S.C. 90, 100-01, 564 S.E.2d 362, 368 (Ct. App. 2002) (finding the
 trial court erred in admitting a statement when no allegation of recent fabrication or
 improper influence or motive was made, but the error was harmless because the
 testimony was cumulative and substantially identical to other admitted
 evidence).
AFFIRMED.
WILLIAMS, PIEPER, and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Batson v. Kentucky, 476 U.S. 79 (1986).