**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Christopher Watson, Appellant.

Appellate Case No. 2011-184487

Appeal From Kershaw County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-134
Heard March 5, 2013 – Filed April 3, 2013

**AFFIRMED**

Appellate Defender Breen Richard Stevens of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General William Edgar Salter, III, and Solicitor Daniel E. Johnson, all of Columbia, for Respondent.

**PER CURIAM:** Christopher Watson appeals his murder conviction, arguing the trial court erred in (1) admitting into evidence a graphic photograph of the victim because its probative value was substantially outweighed by unfair prejudice and (2) allowing testimony indicating Watson threatened a witness. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in admitting a photograph of the victim into evidence: *State v. Salley*, 398 S.C. 160, 168-69, 727 S.E.2d 740, 744 (2012) ("The admission or exclusion of evidence is an action within the discretion of the [trial] court and will not be disturbed on appeal absent an abuse of discretion."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."); *Salley*, 398 S.C. at 169, 727 S.E.2d at 745 (stating there is no abuse of discretion if the offered photograph serves to corroborate testimony); *State v. Edwards*, 194 S.C. 410, 410, 10 S.E.2d 587, 588 (1940) (finding photograph depicting the presence of maggots in and around the murder victim's body was properly admitted).

2. As to whether the trial court erred in admitting testimony concerning an alleged threat: *State v. Lewis*, 293 S.C. 107, 110, 359 S.E.2d 66, 67-68 (1987) ("[I]f an out-of-court statement is not offered to prove the truth of the matter asserted, and is otherwise competent, it is admissible."); *State v. Edwards*, 383 S.C. 66, 72, 678 S.E.2d 405, 408, (2009) (noting "witness intimidation evidence, if linked to the defendant, may be admitted to show a consciousness of guilt"); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785 (Ct. App. 2003) (noting we "are obligated to give great deference to the trial court's judgment").

**SHORT, THOMAS, and PIEPER, JJ., concur.**

**AFFIRMED.**