**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Devante Antonio Grant, Appellant,

v.

The State, Respondent.

Appellate Case No. 2017-002158

———————————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2020-UP-032
Heard November 6, 2019 – Filed February 5, 2020

———————————

**AFFIRMED**

———————————

Appellate Defender Joanna Katherine Delany, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua Abraham Edwards, both of
Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, all for Respondent.

———————————

**PER CURIAM:** Devante Antonio Grant appeals his convictions and sentences for armed robbery and possession of a weapon during the commission of a violent

crime.  Grant contends the circuit court erred in admitting four exhibits and in sentencing him.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the admission of the exhibits: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only.  This [c]ourt is bound by the trial court's factual findings unless they are clearly erroneous." (citation omitted)); *State v. Gillian*, 373 S.C. 601, 612, 646 S.E.2d 872, 878 (2007) ("The relevancy of evidence is an issue within the trial judge's discretion."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *State v. Tucker*, 423 S.C. 403, 410, 815 S.E.2d 467, 470 (Ct. App. 2018) ("Evidence of witness intimidation may be admitted to show 'consciousness of guilt' without running afoul of Rule 404(b)'s prohibition against propensity evidence.  Proof that [the defendant] made the threats satisfies Rule 404(b)'s reliability test. . . .  How the jury weighs intimidation evidence is irrelevant to its threshold admissibility." (quoting *State v. Edwards*, 383 S.C. 66, 72, 678 S.E.2d 405, 408 (2009))); *State v. Aleksey*, 343 S.C. 20, 31, 538 S.E.2d 248, 253 (2000) ("When a suspect invokes his right to remain silent, law enforcement officers must scrupulously honor it. However, before law enforcement officers are required to discontinue questioning, the suspect must clearly articulate his desire to end the interrogation.  Moreover, law enforcement officers may certainly speak with a suspect who reinitiates communication subsequent to an invocation of rights." (citations omitted)); *State v. Register*, 323 S.C. 471, 477, 476 S.E.2d 153, 157 (1996) ("Although a juvenile's request for a parent may be considered when determining the voluntariness of the confession, an adult's request for someone other than an attorney does not invoke a Fifth Amendment right to speak with counsel.").[1]

---

[1] The Record is silent as to whether the entirety of the videotape designated as Exhibit 63, which includes Grant's request for counsel, was published to the jury,

2.  As to the sentence: *State v. Jacobs*, 393 S.C. 584, 586, 713 S.E.2d 621, 622 (2011) ("A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law . . . ." (alteration by court) (quoting *In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010))); S.C. Code Ann. § 16-1-90 (Supp. 2019) (providing the offense of robbery while armed with a deadly weapon is a "Class A felon[y] and the maximum terms established for a Class A felony, not more than thirty years . . . apply."); S.C. Code Ann. § 63-19-20(1) (Supp. 2019) ("'Child' or 'juvenile' does not mean a person seventeen years of age or older who is charged with a Class A . . . felony which provides for a maximum term of imprisonment of fifteen years or more.").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

or whether the jury saw only the portion of the videotape before Grant invoked his right to counsel.  Grant did not object at the time of the publication of the video and raises no argument regarding this on appeal.