**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Damion Shantell Mayers, Appellant.

Appellate Case No. 2021-000927

———————

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-357
Submitted October 1, 2023 – Filed November 8, 2023

———————

**AFFIRMED**

———————

Appellate Defender Joanna K. Delany, of Columbia, for Appellant.

Attorney General Alan Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody J. Brown, Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor David M. Pascoe, Jr., of Orangeburg, all for Respondent.

———————

**PER CURIAM:**  Damion Shantell Mayers appeals his convictions and sentences of life imprisonment for murder and five years' imprisonment for possession of a firearm by a person convicted of a violent felony.  On appeal, Mayers argues the trial court erred in admitting testimony from Abraham Williams regarding whether Williams received phone calls from Mayers's friends and family regarding his participation in Mayers's trial.  Mayers contends the danger of unfair prejudice from Williams's testimony substantially outweighed its probative value under Rule 403, SCRE.  We affirm.

We hold the trial court abused its discretion by admitting the portion of Williams's testimony that focused on whether he received phone calls from Mayers's family and friends in the two years before trial because the testimony was not probative of the offenses for which Mayers was on trial.  The testimony was also not probative of whether Mayers had engaged in witness intimidation because the State did not connect Mayers to the calls Williams received.  Additionally, the danger of unfair prejudice was high because the suggestion that Mayers was someone who would threaten Williams in a manner that made Williams afraid to appear in court has a tendency to suggest a decision on an improper basis.  *See State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 57-58 (2011) ("The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion." (quoting *State v. Williams,* 386 S.C. 503, 509, 690 S.E.2d 62, 65 (2010))); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Gray*, 408 S.C. 601, 610, 759 S.E.2d 160, 165 (Ct. App. 2014) ("'Probative value' is the measure of the importance of that tendency to the outcome of a case.  It is the weight that a piece of relevant evidence will carry in helping the trier of fact decide the issues."); *id.* at 616, 759 S.E.2d at 168 ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." (quoting *State v. Gilchrist,* 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998))); *Johnson v. State*, 433 S.C. 550, 558-59, 860 S.E.2d 696, 701 (Ct. App. 2021) ("In criminal cases, the term 'unfair prejudice' 'speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.'"(quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997))); *State v. Edwards*, 383 S.C. 66, 68, 678 S.E.2d 405, 406 (2009) ("[A] trial court may admit evidence of witness intimidation when the defendant is established as the source of the intimidation."); *id.* at 70, 678 S.E.2d at 407 ("Without establishing that connection, the evidence concerning witness intimidation is unreliable and therefore inadmissible.").

However, we find the error was harmless because this portion of Williams's testimony could not reasonably have affected the jury's verdict when looking at the case as a whole. *See State v. Collins*, 409 S.C. 524, 537, 763 S.E.2d 22, 29 (2014) ("The harmless error rule generally provides that an error is harmless beyond a reasonable doubt if it did not contribute to the verdict obtained."); *State v. Brown*, 344 S.C. 70, 75, 543 S.E.2d 552, 554-55 (2001) ("Whether an error in the admission of evidence is harmless generally depends upon its materiality in relation to the case as a whole."). Two witnesses testified Mayers had lost money to the victim in a dice game the two men were playing immediately before the shooting. Additionally, a witness testified only Mayers, the victim, and Williams were in the room where the shooting occurred just moments before the witness heard gunshots. Finally, Williams's testimony that Mayers shot the victim with a Draco was corroborated by another witness, who saw Mayers retrieve a Draco out of a gray or white Cadillac, a color similar to the "silver or gray" Cadillac Mayers stipulated he drove, and re-enter the apartment where the shooting occurred.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.