**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Thomas Henry Brown, Jr., Appellant.

Appellate Case No. 2023-000261

———————

Appeal From Charleston County
William H. Seals, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-031
Submitted January 1, 2025 – Filed January 29, 2025

———————

**AFFIRMED**

———————

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Andrew Douglas Powell, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

———————

**PER CURIAM:** Thomas Henry Brown, Jr. appeals his conviction for criminal solicitation of a minor in Charleston County and sentence of eight years' imprisonment. On appeal, Brown argues the trial court erred in allowing testimony

that Brown solicited the minor victim (Victim) a second time in Colleton County just hours after the first solicitation in Charleston County because such evidence was inadmissible under Rule 404(b) of the South Carolina Rules of Evidence. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in finding Victim's testimony regarding the second solicitation was admissible to show a common scheme or plan because meaningful similarities between the first and second solicitations showed the same illicit conduct over the course of a few hours and tended to show a logical connection between the acts. *See State v. Phillips*, 430 S.C. 319, 340, 844 S.E.2d 651, 662 (2020) ("We review a trial court's decision to admit or exclude evidence under a deferential standard for an abuse of discretion."); *State v. Wallace*, 440 S.C. 537, 542, 892 S.E.2d 310, 312 (2023) ("[A] trial court acts outside of its discretion when the ruling is not supported by the evidence or is controlled by an error of law."); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible to show . . . the existence of a common scheme or plan . . . ."); *State v. Gaines*, 380 S.C. 23, 29, 667 S.E.2d 728, 732 (2008) ("To be admissible, the bad act must logically relate to the crime with which the defendant has been charged."); *State v. Mathis*, 359 S.C. 450, 463, 597 S.E.2d 872, 879 (Ct. App. 2004) (holding "the common scheme or plan exception 'is generally applied in cases involving sexual crimes, where evidence of acts prior and subsequent to the act charged in the indictment is held admissible as tending to show *continued illicit intercourse* between the same parties'" (quoting *State v.Weaverling*, 337 S.C. 460, 469, 523 S.E.2d 787, 791 (Ct. App. 1999)); *State v. Edwards*, 373 S.C. 230, 236, 644 S.E.2d 66, 69 (Ct. App. 2007) (holding that because defendant's prior acts occurred over an approximately ten-month span with the same victim, in the same manner, the acts constituted a "continued illicit intercourse between the same parties" (quoting *Mathis*, 359 S.C. at 463, 597 S.E.2d at 879)), *affirmed as modified by* 383 S.C. 66, 678 S.E.2d 405 (2009). Here, the evidence showed the second solicitation occurred on the same day as the first, to the same victim, in the same way, and using the exact same words. *Compare State v. Kirton*, 381 S.C. 7, 27, 671 S.E.2d 107, 117 (Ct. App. 2008) ("When a criminal defendant's prior bad acts are directed toward the same victim and are very similar in nature, those acts are admissible as a common scheme or plan."), *with State v. Perry*, 430 S.C. 24, 39, 842 S.E.2d 654, 662 (2020) (holding a defendant's prior bad acts of criminal sexual misconduct were inadmissible when the defendant committed the acts against different victims of different ages and the location of the abuse—in the home—was "too general" to constitute a meaningful similarity).

Further, we hold Victim's testimony constituted clear and convincing evidence of the second solicitation. *See State v. Stokes*, 381 S.C. 390, 404, 673 S.E.2d 434, 441 (2009) (holding the evidence that the defendant committed the bad act must be clear and convincing when the defendant was not convicted of the other crime). Victim testified in detail about the first and second solicitations and relayed Brown's specific words, as well as the approximate time and location of each act. Further, the trial court reviewed Victim's forensic interview, taken just weeks after the incidents occurred, and Victim's testimony at the hearing was consistent with her forensic interview. *See State v. Tutton*, 354 S.C. 319, 325, 580 S.E.2d 186, 189 (Ct. App. 2003) ("When considering whether there is clear and convincing evidence of other bad acts, this court is bound by the trial judge's factual findings unless they are clearly erroneous."); *Kirton*, 381 S.C. at 26-27, 671 S.E.2d at 116-17 (holding the victim's testimony alone was sufficient to establish clear and convincing evidence of prior bad acts).

Finally, we hold the probative value of the evidence of the second solicitation in Colleton County was not substantially outweighed by the danger of unfair prejudice. *See State v. Gillian*, 373 S.C. 601, 611 646 S.E.2d 872, 877 (2007) (holding prior bad act evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice). The evidence of the second solicitation was highly probative, and because the jury already heard Victim's testimony of Brown's first solicitation of her in Charleston County, its hearing the exact same wording a second time would not be unfairly prejudicial to Brown. *See Edwards*, 373 S.C. at 236, 644 S.E.2d at 69 (holding the probative value of evidence of defendant's continuous illicit conduct towards victim outweighed the prejudicial effect of admitting the evidence); *Stokes*, 381 S.C. at 404, 673 S.E.2d at 441 ("[T]he determination of prejudice must be based on the entire record, and the result will generally turn on the facts of each case.").

**AFFIRMED.**[1]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.