23353

Laville MARTINEZ, Petitioner y. STATE of South Carolina, Respondent.
(403 S.E. (2d) 113)

Supreme Court

GREGORY, C.J., filed dissenting opinion.

*Asst. Appellate Defenders Franklin W. Draper* and *Stephen P. Williams,* both of *S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Frank L. Valenta, Jr.,* Columbia, *for respondent.*

Submitted June 6, 1990.

Decided Feb. 25, 1991.

*Per Curiam:*

Petitioner, Laville Martinez (Martinez), was convicted of first degree burglary and first degree criminal sexual conduct. His direct appeal was affirmed. *State v. Martinez,* 294 S.C. 72, 362 S.E. (2d) 641 (1987). We granted certiorari to review the denial of his application for post-conviction relief (PCR).

We reverse and remand for a new trial.

On March 7, 1986, Allison Counts (Victim) was awakened in her bed by an unidentified black male. She was raped at knifepoint, then dragged into her kitchen, where the attacker dropped something on the floor. When he left, Victim dressed and went to her sister's house, arriving between 2:00 to 2:15 a.m.

When Victim returned to the apartment with police, a wallet containing Martinez' driver's license was found on the kitchen floor. Martinez was arrested the next day.

At trial, Martinez testified: that he went to a lounge approximately three blocks from Victim's home, at 9:00 p.m. on March 6, 1986; that between 12:00 and 1:00 a.m., he advised the manager of the lounge, Darnell Kelly, that he had misplaced his wallet; that, unable to find it, he left the lounge at

1:45 a.m., arriving home precisely at 2:00 a.m. The manager, Kelly, verified that Martinez did, between 12:00 and 1:00 a.m., report the missing wallet.

Prior to trial, Martinez advised counsel that a friend named Tony Wilson had seen him leaving the lounge at exactly 1:45 a.m. Counsel did not, however, subpoena Wilson as a witness.

At PCR, Counsel testified that he would have called Wilson had he been present in the Courtroom on the day of trial. He conceded that Wilson's testimony, placing Martinez at the lounge fifteen minutes prior to the conclusion of the rape, may have been important. Further, he candidly admitted he was uncertain whether "one more piece of evidence" may have made a difference in the verdict.

The sole issue we address is whether Counsel was ineffective in failing to subpoena Wilson as a witness.

To establish a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) that, but for counsel's errors, there is a reasonable probability the result would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. (2d) 674, 698 (1984); *Mitchell v. State*, 298 S.C. 186, 189, 379 S.E. (2d) 123, 125 (1989).

Here, by counsel's own admission, the testimony of Wilson may have made the difference in obtaining an acquittal. We find ineffective assistance.

Reversed and remanded.

GREGORY, C.J., dissents.

GREGORY, Chief Justice, dissenting:

I respectfully dissent. I disagree with the majority's conclusion there is no evidence to support the PCR judge's finding of effective assistance of counsel. Petitioner was represented by a skillful and experienced criminal trial lawyer whose representation was adequate under an objective standard of reasonableness. Under our scope of review, I would affirm the denial of PCR. *See Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989).