## 23750

Charles UNDERWOOD, Petitioner v.
STATE of South Carolina, Respondent.

(425 S.E. (2d) 20)

Supreme Court

*Francis E. Grimball* and *Michael J. Ferri,* both of *Grimball and Cabaniss,* Charleston, and *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Lisa G. Jefferson,* Columbia, *for respondent.*

Submitted Oct. 27, 1992.

Decided Dec. 7, 1992.

MOORE, Justice:

Petitioner Charles Underwood was convicted of one count of assault with intent to commit criminal sexual conduct (CSC) with a minor, first degree; two counts of lewd act upon a minor; and five counts of CSC with a minor, first degree. He was sentenced to thirty years for the assault count; ten years for each lewd act count; and thirty years for each CSC count, all to run consecutively. His direct appeal was affirmed. *State v. Underwood,* S.C. S.Ct. Memo Op. No. 87-M0-243 (filed April 27, 1987).

We granted certiorari to review the denial of petitioner's application for postconviction relief (PCR). Petitioner alleges he received ineffective assistance of counsel because counsel failed to: (1) properly prepare for trial because he did not individually interview all of the potential witnesses; (2) produce key witness at trial; and (3) object to expert testimony regarding a "common profile" of persons who sexually abuse children. The PCR judge found counsel was effective and petitioner did not show any prejudice. We affirm.

## DISCUSSION

Petitioner was convicted of sexually abusing his neighbor's two daughters (ages 6 and 7). Petitioner denied the allegations. The victims testified that petitioner often gave them money and presents, let them watch television at his house and took them places. Petitioner gathered approximately twelve witnesses, mostly young children, nine of whom testi-

fied that petitioner also had given them money and presents but that he did not sexually abuse them. Petitioner alleges trial counsel's performance was deficient for failing to individually interview all of these witnesses prior to trial and not calling all of them to testify.

Specifically, in his application, petitioner alleges that three witnesses could have testified to an alibi defense and a recantation by the victims if trial counsel had interviewed them prior to trial. At the PCR hearing however, none of these witnesses testified.

To establish a claim of ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and but for this deficiency there is a reasonable probability that the result would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984); *Martinez v. State,* 304 S.C. 39, 403 S.E. (2d) 113 (1991). Even if trial counsel was deficient in failing to interview and call all of these witnesses, petitioner has failed to show any prejudice.

Next, petitioner alleges trial counsel was ineffective for failing to call Dr. James Alderman as a witness. Dr. Alderman performed a medical exam on the victims on January 7, 1985, and although in his report, he stated he did not discover any *physical* findings of sexual abuse, he reported that the victims had told him about the sexual abuse. At trial, Dr. Sarah Schuh testified she found physical evidence of sexual abuse following a medical exam she conducted on January 30, 1985.

Trial counsel extensively questioned Dr. Schuh about the inconsistencies between the two findings on physical evidence. At the PCR hearing, trial counsel explained that he did not call Dr. Alderman for tactical reasons. Trial counsel testified that most people who work with abused children always testify that the children do not lie about the abuse whether there is physical evidence or not and he did not want two doctors to testify on the veracity of abused children. Where counsel articulates a valid reason for employing certain strategy, such conduct will not be deemed ineffective. *Stokes v. State,* — S.C. —, 419 S.E. (2d) 778 (1992).

Appellant also alleges trial counsel was ineffective for not objecting to Dr. Schuh's testimony of a "common profile" of people who sexually abuse children:

A person who wants to have sex with or to accomplish penile-vagina penetration with a child may be one of two kinds of people. He may be a person who is so wound up in his own needs or so angry that he doesn't care how much it hurts the child at all. In that case, you can have a very violent rape. You can have significant damage to the child which requires a surgical repair.

That is not—that is—a lot of people feel that that's the common kind of sexual abuse of children. That's not true.

Very prominently, people who want to become sexually involved with children are people who want and need the children to like them, to trust them, and to come back for more.

If you hurt a child very badly, that child is going—another adult is going to find out more likely. The child isn't going to come back, and you will be discovered. Therefore, many people who want to be sexually involved with children are careful of the children with whom they become sexually involved.

Dr. Schuh was testifying as to the common behavior of sexual abusers of children and how this behavior might manifest itself in the physical injuries of the children. She offered this testimony to explain why she found only a small tear in the hymen of one of the victims. She explained that a small tear is compatible with partial penile penetration which is consistent with the common behavior of abusers.

This situation is analogous to the "battered or shaken child syndrome" cases. In *State v. Lopez*, — S.C. —, 412 S.E. (2d) 390 (1991), this Court held that evidence of "battered child syndrome" is admissible when it is based upon *physical* findings to support an inference that a child's injuries were not accidental. The Court distinguished *State v. Hudnall*, 293 S.C. 97, 359 S.E. (2d) 59 (1987), which held that testimony relating to the *behavioral* characteristics of abused children is not admissible to bolster a child's testimony that a crime actually occurred. Here, Dr. Schuh testified about the physical injuries and offered the above testimony to explain the type and de-

gree of the injuries as being consistent with sexual abuse. Dr. Schuh did not offer the testimony to set out personality or character traits which petitioner possessed in order to identify him as the offender. Therefore, trial counsel was not deficient for failing to object to this testimony.

This Court's review of PCR matters is limited to a determination of whether there is any evidence to support the PCR judge's findings. *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989). We find evidence in the record to support the PCR judge's findings that counsel was not deficient and petitioner was not prejudiced.

Accordingly the order of the PCR judge is

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.