### 24059

Barbara A. HICKS, Petitioner v. STATE of South Carolina, Respondent.

(443 S.E. (2d) 907)

Supreme Court

*Assistant Appellate Defender Robert M. Pachak* of *South Carolina Appellate Defense,* Columbia, *for petitioner.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Joseph D. Shine* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Submitted March 16, 1994.

Decided May 9, 1994.

### ON WRIT OF CERTIORARI

MOORE, Justice:

Petitioner was convicted of receiving stolen goods. Her conviction was affirmed on direct appeal. *State v. Hicks,* 89-MO-314 (S.C. Sup. Ct. filed November 27, 1989). Petitioner appeals from the denial of her application for postconviction relief (PCR).

## FACTS
Petitioner bailed her boyfriend, James Hilliard, and her son out of jail by pawning stolen goods which petitioner claims she did not know were stolen. Hilliard and petitioner's son were in jail on charges unrelated to the stolen goods. Six days later Hilliard and petitioner's son were arrested for the burglary offense relating to the stolen goods.

## ISSUE
Did the PCR judge err in finding petitioner received effective assistance of counsel?

## DISCUSSION
At trial, there was testimony which erroneously implied Hilliard and petitioner's son were in jail for the burglary of the goods at the time petitioner pawned the goods. Petitioner alleges trial counsel was ineffective for failing to introduce evidence that Hilliard and petitioner's son were in jail on unrelated charges. We agree.

To establish ineffective assistance of counsel, petitioner must show counsel's representation fell below an objective standard of reasonableness and but for counsel's errors there is a reasonable probability the result would have been different. *Martinez v. State,* 304 S.C. 39, 403 S.E. (2d) 113 (1991).

An element of receiving stolen goods is knowledge the goods were stolen or reason to believe at the time that the goods were stolen. S.C. Code Ann. § 16-13-180 (Supp. 1993). At the PCR hearing, trial counsel testified she erred in not introducing evidence that Hilliard and petitioner's son were in jail for unrelated offenses. However, the PCR judge found counsel was not deficient as the evidence was not relevant. Evidence is relevant if it tends to establish or make more or less probable some matter at issue upon which it directly or indirectly bears. *State v. Schmidt,* 288 S.C. 301, 342 S.E. (2d) 401 (1986). We find the evidence relevant as to whether peti-

tioner knew or had reason to know the goods were stolen when she sold them and trial counsel's performance was deficient in failing to introduce such evidence.

The issue then is whether there is a reasonable probability that the result would have been different. The State presented very little evidence from which the jury could find petitioner knew or had reason to believe the goods were stolen when she sold them. The State offered evidence petitioner knew Hilliard and her son were unemployed and yet still had money to buy jewelry and guns; but Hilliard and petitioner's son were in jail on unrelated drug distribution charges and possession of stolen credit cards, activities which would also provide them with money. The State also offered evidence that when petitioner pawned the goods she did not sign the pawn ticket. However, the bondsman testified she could not sign the ticket because she did not have identification with her and petitioner testified her driver's license and check book had been stolen.

We find there is a reasonable probability the result would have been different had trial counsel introduced evidence regarding the unrelated charges for which Hilliard and her son were in jail when petitioner sold the goods. Accordingly, the order of the PCR judge is

Reversed.

CHANDLER, Acting C.J., FINNEY and TOAL, JJ., and WALTER J. BRISTOW, JR., Acting Associate Justice, concur.