24260

Eric GLOVER, Respondent v. STATE of South Carolina, Petitioner.
(458 S.E. (2d) 538)

Supreme Court

WALLER, J., filed dissenting opinion in which FINNEY, C.J., joined.

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. J. Emory Smith, Jr., and Asst. Attys. Gen. Teresa Nesbitt Cosby and Teresa A. Knox, Columbia, for petitioner.*

*Sr. Asst. Appellate Defender Wanda H. Haile of S.C. Office of Appellate Defense, Columbia, for respondent.*

Submitted Jan. 18, 1995.

Decided June 19, 1995.

MOORE, Justice:

This case is before us on a writ of certiorari to review the grant of respondent's application for postconviction relief (PCR). We reverse.

## FACTS

Respondent was convicted of kidnapping, armed robbery, assault and battery of a high and aggravated nature, possession of a firearm during the commission of a violent crime, and temporary use of a vehicle without permission. In *State v. Glover*, Op. No. 92-MO-302 (S.C. Sup. Ct. filed December 18, 1992), we affirmed these convictions pursuant to Rule 220(b)(1), SCACR. Subsequently, respondent filed a PCR application alleging, *inter alia*, ineffective assistance of trial counsel. After a hearing, the PCR judge found trial counsel was ineffective and ordered a new trial.

## ISSUE

Did the PCR judge err in finding trial counsel ineffective?

## DISCUSSION

To establish a claim of ineffective assistance of trial counsel, a PCR applicant has the burden of proving counsel's representation fell below an objective standard of reasonableness and, but for counsel's errors, there is a reasonable probability the result at trial would have been different. *Underwood v. State*, 309 S.C. 560, 425 S.E. (2d) 20 (1992). A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984).

At the PCR hearing, respondent argued trial counsel was ineffective for failing to contact several witnesses who could have testified respondent was in Florida when the crimes were committed. In support of this argument, respondent presented the testimony of two witnesses. The first witness was respondent's grandfather, Sylvester Jordan. Mr. Jordan initially stated he "believe[d]" respondent was in Florida on the date the crimes were committed. However, Mr. Jordan subsequently stated he knew "nothing" and testified he did not recall any specific dates respondent was in Florida. The second witness was respondent's aunt, Sandra Jordan. Ms. Jordan testified respondent came to her house in Florida at approximately 8:00 a.m. on the date the crimes were committed. Ms. Jordan stated respondent stayed approximately fifteen minutes, then left in a car by himself.

In his order, the PCR judge found trial counsel ineffective for failing to contact respondent's alibi witnesses. The State argues this was error. We agree.

By finding trial counsel ineffective, the PCR judge necessarily found counsel's actions or inaction resulted in prejudice to respondent. *Strickland v. Washington, supra; Underwood v. State, supra.* However, there is no evidence to support the PCR judge's finding of prejudice.

The failure to contact Sylvester or Sandra Jordan did not result in prejudice to respondent as neither witnesses's PCR testimony established an alibi defense. Ms. Jordan's testimony merely placed respondent in Florida between 8:00 and 8:30 a.m. on the date the crimes occurred. However, the crimes occurred in Williamsburg County over eleven hours later at approximately 8:30 p.m.[1] In addition, Mr. Jordan's testimony was not sufficient to establish an alibi defense. *See State v. Robbins,* 275 S.C. 373, 271 S.E. (2d) 319 (1980) (since an alibi derives its potency as a defense from the fact that it involves the physical impossibility of the accused's guilt, a purported alibi which leaves it possible for the accused to be the guilty person is *no alibi at all).*

Further, because the other witnesses respondent claimed could have provided an alibi defense did not testify at the PCR hearing, respondent could not establish any prejudice from counsel's failure to contact these witnesses. *See Underwood v. State, supra* (prejudice from trial counsel's failure to interview or call witnesses could not be shown where witnesses did not testify at PCR hearing); *see also Clark v. State,* 315 S.C. 385, 434 S.E. (2d) 266 (1993) (pure conjecture as to what a witness's testimony would have been is not sufficient to show a reasonable probability the result at trial would have been different). In order to support a claim that trial counsel was ineffective for failing to interview or call potential alibi witnesses, a PCR applicant must produce the witnesses at the PCR hearing or otherwise introduce the witnesses' testimony in a manner consis-

---

[1] At the PCR hearing, Ms. Jordan testified it took her approximately six and one-half hours to drive from her home in Florida to Williamsburg County. This testimony indicates that even if respondent was in Florida on the date the crimes occurred, he had ample opportunity to travel from Florida to Williamsburg County prior to the time the crimes occurred.

tent with the rules of evidence. The applicant's mere speculation what the witnesses' testimony would have been cannot, by itself, satisfy the applicant's burden of showing prejudice.[2]

Here, respondent failed to show counsel's actions or inaction resulted in prejudice. Consequently, there is no evidence to support the PCR judge's finding that counsel was ineffective. We therefore reverse the PCR judge's order granting respondent's PCR application and ordering a new trial. *Cartrette v. State*, — S.C. —, 448 S.E. (2d) 553 (19944) (a PCR judge's findings will not be upheld if the findings are not supported by probative evidence).

Reversed.

TOAL, A.J., and A. LEE CHANDLER, Acting Associate Justice, concur.

FINNEY, C.J., and WALLER, J., dissenting in separate opinion.

WALLER, Justice:

I respectfully dissent. I would affirm the grant of Post Conviction Relief (PCR) to Glover based upon our "any evidence" standard of review.

## FACTS

Glover was arrested and charged with the kidnapping and armed robbery of Wayne Cooper (Victim) in Williamsburg County, South Carolina. The crimes in question took place between 7:00-9:00 p.m. on January 22, 1991.

Attorney Jerome Askins was appointed to represent Glover; however, he did not learn of his appointment until the Monday before Glover's Wednesday trial. At that time, Glover gave Askins a list of potential alibi witnesses, claiming he had been in Florida at the time of the crimes.[1] Askins was unable

---

[2] To the extent the majority opinion in *Grier v. State*, 299 S.C. 321, 384 S.E. (2d) 722 (1989), can be read to suggest that a PCR applicant's mere speculation what a witness's testimony would have been is sufficient to satisfy the applicant's burden of showing prejudice, it is overruled.

[1] Glover's original attorney, Public Defender Gordon Jenkinson, had resigned. Glover had previously given a list of potential alibi witnesses to Attorney Jenkinson.

to locate any favorable alibi witness before trial and requested a continuance, which was denied by the trial court. At trial, the only direct evidence linking Glover to the crimes was the Victim's testimony. However, as counsel was unable to contact any favorable alibi witnesses prior to trial, Glover put up no defense and was convicted on all counts.

Thereafter, Glover was granted PCR due to the fact that counsel had not met with him until two days prior to trial, thereby giving him insufficient time to contact all potential alibi witnesses.

## ISSUE

The sole issue is whether "any evidence" supports the grant of PCR.

## DISCUSSION

At PCR, Glover presented the testimony of two alibi witnesses. His aunt, Sandra Jordan, testified she had seen Glover in Florida around 8:00 a.m. on the morning of the crimes.[2] His grandfather, Sylvester Jordan, also testified on Glover's behalf. When questioned if he knew whether his grandson was in Florida when the crimes took place, he stated, **"He was in Florida when this took place as they say."**[3] Further, Glover testified at PCR that he had given counsel the names of additional alibi witnesses who could have placed him in Florida at the time of the crimes. Specifically, he claimed he was in Florida with his brother-in-law, Willie Palmer at the time the crimes were occurring, that another witness, Ruth Glover, had seen him in Florida at 4:00 or 5:00 p.m. on the day of the crimes, and that Shonda Harris had seen him at 11:00 p.m. that evening in Florida. Counsel for Glover conceded he did not contact any of these alibi witnesses prior to trial but

---

[2] As the majority correctly points out, this testimony, standing alone, is insufficient to establish an alibi for Glover since he had ample time in which to drive to South Carolina.

[3] The majority reads portions of the Grandfather's testimony to conclude it is insufficient to establish an alibi defense. In my view, the Grandfather's testimony that Glover was "in Florida when this took place" is sufficient. In effect, the majority weighs the evidence, giving more credence to certain portions of the Grandfather's testimony than others. This weighing function was for the trial judge who observed the witnesses and heard the testimony. *Drayton v. Evatt,* — S.C. —, 430 S.E. (2d) 517 (1993).

maintained that those witnesses he was able to contact were unable to provide an alibi for Glover.

It is apparent that the PCR judge, after hearing counsel's concession that he had not contacted all potential alibi witnesses, believed the testimony of Glover and his alibi witnesses, and concluded that had all witnesses been contacted, there was a reasonable probability the result would have been different. Where matters of credibility are involved, we give great deference to a judge's findings, since we lack the opportunity to directly observe the witnesses. *Drayton v. Evatt*, 312 S.C. 4, 430 S.E. (2d) 517 (1993); *Solomon v. State*, 313 S.C. 526, 443 S.E. (2d) 540 (1994). If we find "any evidence," we must affirm the ruling of the PCR judge. *Grier v. State*, 299 S.C. 321, 384 S.E. (2d) 722 (1989). Clearly, under our limited scope of review, there is "any evidence" to support this ruling and we must therefore affirm. "To reverse in this case would be to substitute our judgment of the facts for that of the PCR judge, which would contravene our scope of review in these cases." *Grier v. State, supra.*

The majority espouses that a PCR applicant's mere speculation is insufficient to establish prejudice and, accordingly, the applicant must put forth further evidence to support his claim.[4] In doing so, the majority overrules this Court's prior precedent of *Grier v. State, supra.* Notwithstanding its holding that the **defendant's** testimony is an insufficient basis upon which to affirm the grant of PCR, the majority nonetheless adheres to the rule that **counsel's** speculative testimony is a sufficient basis upon which to affirm the grant of PCR. *See Martinez v. State*, 304 S.C. 39, 403 S.E. (2d) 113 (1991) (counsel's concession that potential alibi witnesses alleged testimony "may have made a difference" supports grant of PCR). Moreover, counsel's own testimony has historically been a sufficient basis upon which to affirm the **denial** of PCR. *See e.g. Stokes v. State*, 308 S.C. 546, 419 S.E. (2d) 778 (1992); *Butler v. State*, 286 S.C. 441, 334 S.E. (2d) 813 (1985). In effect, the majority holds that an entire class of citizens, those convicted of a crime, are inherently unreliable witnesses whose sworn testimony is unworthy of belief.

---

[4] As noted previously, in my view Glover's "speculative" testimony is supported by his Grandfather's testimony that he was in Florida when the crimes were committed.

I would uphold the "any evidence" standard heretofore applied in this state and affirm the grant of PCR.

FINNEY, C.J., concurs.