**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4673**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

ROGER RAY CRUMBLIN, JR., a/k/a Rajah Maurice Aiken, a/k/a
Rodger Ray Crumblin, a/k/a Roger Ray Crumblin,

            Defendant – Appellant.


Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, Chief District
Judge.  (2:09-cr-00039-DCN-1)


Submitted:  July 14, 2011              Decided:  July 28, 2011


Before KING, GREGORY, and DAVIS, Circuit Judges.


Affirmed by unpublished per curiam opinion.


Matthew M. Robinson, ROBINSON & BRANDT, P.S.C., Covington,
Kentucky, for Appellant.   William N. Nettles, United States
Attorney, Sean Kittrell, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Ray Crumblin, Jr., was convicted, following a jury trial, of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006) (Count One), possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006) (Count Two), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006) (Count Three). Crumblin was sentenced as a career offender, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(c)(3) (2009), and he received a sentence of 360 months' imprisonment.

On appeal, Crumblin raises four issues: (1) that the district court constructively amended the indictment because it charged the jury in the disjunctive when the indictment was drafted in the conjunctive; (2) that there was insufficient evidence to establish that Crumblin possessed firearms or ammunition; (3) that the district court erred in sentencing him as a career offender and an armed career criminal; and (4) that the district court improperly assessed a six-level enhancement, pursuant to USSG § 3A1.2(c), for creating a substantial risk of serious bodily harm to a law enforcement officer. For the reasons that follow, we affirm the judgment of the district court.

I.

Crumblin contends that the district court constructively amended the indictment when it instructed the jury on Counts One and Two in the disjunctive where the indictment was drafted in the conjunctive. He asserts that the district court impermissibly broadened the possible bases for conviction.

A criminal defendant may only be tried on charges alleged in an indictment, and "only the grand jury may broaden or alter the charges in the indictment." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999). "A constructive amendment to an indictment occurs when . . . the court (usually through its instructions to the jury) . . . broadens the possible bases for conviction beyond those presented by the grand jury," which results in a "fatal variance[] because 'the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment.'" United States v. Foster, 507 F.3d 233, 242 (4th Cir. 2007) (quoting Randall, 171 F.3d at 203. Constructive amendments are "error per se and, given the Fifth Amendment right to be indicted by a grand jury, 'must be corrected on appeal even when not preserved by objection.'" Id. (quoting United States v. Floresca, 38 F.3d 706, 714 (4th Cir. 1994) (en banc)).

3

However, not every variance between an indictment and jury instructions rises to the level of a constructive amendment. Indeed, "[i]t is well-established that when the Government charges in the conjunctive, [but] the statute [at issue] is worded in the disjunctive, the district court can instruct the jury in the disjunctive" without constructively amending the indictment. United States v. Perry, 560 F.3d 246, 256 (4th Cir. 2009).

Here, although Count One of the indictment charged Crumblin with possession of "firearms and ammunition, that is, a HiPoint 9mm pistol, a Taurus .357 revolver, .38 caliber ammunition, .357 caliber ammunition, and 9mm ammunition," and Count Two charged with possession with intent to distribute cocaine and cocaine base, the relevant statutes are phrased disjunctively, and the district court's jury instructions tracked the language of the statute itself. The court's instructions were thus correct as instructing otherwise would "improperly add elements to the crime that are not contained in the statute itself." United States v. Montgomery, 262 F.3d 233, 242 (4th Cir. 2001).

## II.

Next, Crumblin argues that the evidence adduced at trial was insufficient to support his conviction on Count One.

4

He notes that fingerprints were not recovered from either of the weapons. Crumblin asserts that, although Deputy Brennan testified that he witnessed Crumblin discard something dark and heavy, the poor lighting conditions undermined the reliability of Brennan's testimony.

We review de novo challenges to the sufficiency of the evidence supporting a jury verdict. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007). A jury verdict should be affirmed where, "viewing the evidence in the light most favorable to the prosecution, [it] is supported by substantial evidence." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted). Substantial evidence is such "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

To convict Crumblin of a § 922(g)(1) violation, the Government was required to prove: (1) that the "defendant was a convicted felon at the time of the offense," (2) that he "voluntarily and intentionally possessed a firearm," and (3) that "the firearm traveled in interstate commerce at some point." United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). Crumblin disputes only the second element.

5

Although Crumblin presented the testimony of a photographer concerning general nighttime visibility conditions in the area, where Crumblin was apprehended, the jury was free to weigh the significance of this testimony in light of the other evidence presented. Viewed in the light most favorable to the Government, the record contains ample evidence permitting a reasonable jury to conclude that Crumblin possessed the firearms listed in the indictment. See King, 628 F.3d at 700 ("Throughout our review, we assume that the jury resolved any conflicting evidence in the prosecution's favor." (internal quotation marks omitted)).

III.

Next, Crumblin argues that the district court erred in sentencing him as both a career offender and an armed career criminal. In determining whether a defendant qualifies as either an armed career criminal or a career offender, we review legal conclusions de novo and factual findings for clear error. See United States v. Hampton, 628 F.3d 654, 659 (4th Cir. 2010).

A defendant is a career offender under the Guidelines if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant

6

> has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). A "prior felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." USSG § 4B1.2, cmt. n.1. A conviction sustained before age eighteen may qualify as a predicate conviction "if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." Id.

Crumblin asserts that his 1994 conviction may not serve as a predicate for his career offender status[*] because he was seventeen years old at the time of his arrest. Crumblin relies on the Supreme Court's decision in Roper v. Simmons, 543 U.S. 551 (2005), in which the Court held that the Eighth Amendment prohibits imposition of the death penalty on offenders under the age of eighteen. He argues that Roper, considered in conjunction with South Carolina's Youthful Offender Act ("YOA"),

---

[*] Crumblin was arrested for two offenses on January 14, 1994. The probation officer counted each as a separate predicate offense for purposes of the armed career criminal designation. Crumblin's status as a career offender does not require that these offenses be considered separately, because even without counting them separately, Crumblin has the requisite predicates. Consequently, we need not address this contention.

7

S.C. Code Ann. § 24-19-50 (2005), prohibits consideration of his 1994 conviction as a predicate offense.

Under South Carolina law, a youthful offender can include offenders up to twenty-four years old. S.C. Code Ann. § 24-19-10(d) (2005 & Supp. 2010). A "child" is defined as an individual under the age of seventeen, and the family court has exclusive jurisdiction over juvenile offenses. S.C. Code Ann. § 63-19-20 (2010); see State v. Pittman, 647 S.E.2d 144, 160 (S.C. 2007) (construing provisions then codified at S.C. Code Ann. § 20-7-400 (2003)). Therefore, Crumblin's 1994 conviction was not a juvenile conviction, despite his YOA sentence, and he was sentenced to the maximum six-year term of imprisonment. Accordingly, we conclude that the conviction may be counted toward the career offender designation. See United States v. Williams, 508 F.3d 724, 727-28 (4th Cir. 2007) (finding conviction qualified as armed career criminal predicate where sentence was imposed under the YOA); see also (J.A. 362 (sentence imposed)); S.C. Code Ann. § 24-19-50(3) (maximum penalty).

Although Crumblin's career offender status controls his sentencing, he argues that his armed career criminal status is relevant "because it increased the statutory minimum sentence to 15 years imprisonment under § 924(e)(1)." However, the statutory minimum was not an operative consideration in this

8

case as his sentence was based on the Guidelines range. Crumblin's armed career criminal status is thus not relevant to the sentence imposed.

IV.

Finally, Crumblin asserts that the district court erred in applying a six-level enhancement to his offense level for creating a substantial risk of serious bodily harm to a law enforcement officer. In light of Crumblin's status as a career offender, this enhancement did not affect his sentence and we need not address it. See Williams v. United States, 503 U.S. 193, 203 (1992) (concluding that a procedural error during sentencing is harmless if "the error did not affect the district court's selection of the sentence imposed").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED