756 S.E.2d 144

**Joseph WALKER, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

Appellate Case No. 2012–211267.

No. 27368.

Supreme Court of South Carolina.

Heard Feb. 20, 2014.

Decided March 19, 2014.

Appellate Defender Kathrine H. Hudgins, of the South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Mary S. Williams, all of Columbia, for Respondent.

Justice HEARN.

The circuit court granted post-conviction relief (PCR) to petitioner on the ground his counsel rendered ineffective assistance because she failed to investigate a potential alibi witness, and the court of appeals reversed, holding that while

counsel's representation was deficient, petitioner was not prejudiced thereby. We granted certiorari to review the court of appeals' decision and reverse.

## FACTUAL/PROCEDURAL BACKGROUND

During the afternoon or early evening of Saturday, March 2, 2002, the victim stopped at a gas station in Denmark, South Carolina and when she went to leave, her car would not start. A man agreed to help her and ultimately replaced a part in her car. Because she did not have money on her person with which to repay him, she had him follow her home. There, according to Victim, he blindfolded her and drove her to his home where over the course of the night he sexually assaulted her. The following morning around 5:00 a.m. he blindfolded her again and drove her back to her home.

Law enforcement obtained a video surveillance tape from the gas station and Victim identified her assailant on the video. Officers returned to the gas station where an employee identified the assailant as the petitioner, Joseph Walker. Walker was detained and interviewed by law enforcement in a videotaped interrogation. He admitted going to the gas station on March 2 but denied providing assistance to anyone there with car trouble. He also denied any knowledge of the crime or Victim. He stated that after leaving the BP station, he spent the afternoon and evening at a friend's home and then returned to his girlfriend's, Robina Reed's, home around 9:30 or 10:00 p.m. for the remainder of the night.

Walker was arrested, charged, and tried for the crimes. The jury found him guilty of criminal sexual conduct in the first degree and kidnapping, and the court sentenced him to 24 years' imprisonment on each charge to be served concurrently.

Walker subsequently petitioned for PCR, alleging his trial counsel was ineffective in failing to conduct an adequate investigation. At the hearing, Walker's trial counsel acknowledged that she viewed the videotaped interview of Walker. She also admitted her notes contained the name "Robina Reed" as a person to interview but that she never interviewed Reed. She testified that her investigator spoke with or tried to

speak with Reed, but she never followed up with her investigator.

Reed testified at the hearing that she was never contacted about Walker's case until she heard from his PCR counsel. She stated that in March of 2002, she was in a romantic relationship with Walker, but he disappeared near the end of that month when, as she later discovered when contacted about Walker's PCR action, he was arrested. While she vacillated in her testimony and was unable to provide details about specific days and times she was with Walker, she was ultimately asked: "Prior to the last time that [you] saw Mr. Walker did y'all spend every weekend together?" and she responded: "Yea, we spend [sic] every weekend together."

The court granted Walker PCR, finding his trial counsel was ineffective in failing to interview Reed. The court also found Reed was credible, counsel was deficient in failing to interview her as an alibi witness, and Walker was prejudiced because Reed's alibi testimony created the reasonable probability of a different outcome at trial had she testified.

The court of appeals reversed the grant of PCR, holding that while trial counsel's failure to interview Reed was deficient performance, it did not prejudice Walker. *Walker v. State*, 397 S.C. 226, 235–39, 723 S.E.2d 610, 615–17 (Ct.App. 2012). In reversing, the court relied on this Court's decision in *Glover v. State*, 318 S.C. 496, 458 S.E.2d 538 (1995), that a failure to interview an alibi witness is only prejudicial where the witness's testimony, if true, would actually establish an alibi defense by making it physically impossible for the defendant to have committed the crime. *Id.* at 237–39, 723 S.E.2d at 616–17. The court of appeals concluded Reed's testimony did not establish an alibi because "it leaves open the possibility that Walker is guilty." *Id.* at 239, 723 S.E.2d at 617. Walker petitioned for certiorari and this Court granted the petition.

## STANDARD OF REVIEW

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must first demonstrate that counsel was deficient

and then must also show the deficiency resulted in prejudice. *Id.* To satisfy the first prong, a defendant must show counsel's performance "fell below an objective standard of reasonableness." *Franklin v. Catoe*, 346 S.C. 563, 570–71, 552 S.E.2d 718, 722 (2001). "To prove prejudice, an applicant must show there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different." *Id.* at 571, 552 S.E.2d at 723.

The petitioner in a PCR hearing bears the burden of establishing his entitlement to relief. *Suber v. State*, 371 S.C. 554, 558, 640 S.E.2d 884, 886 (2007). "This Court will uphold the findings of the PCR court when there is any evidence of probative value to support them, and will reverse the decision of the PCR court when it is controlled by an error of law." *Lomax v. State*, 379 S.C. 93, 101, 665 S.E.2d 164, 168 (2008). The PCR court's findings on matters of credibility are given great deference by this Court. *Simuel v. State*, 390 S.C. 267, 270, 701 S.E.2d 738, 739 (2010).

## LAW/ANALYSIS

Walker contends the court of appeals erred in holding he was not prejudiced by trial counsel's failure to interview Reed. Because we believe the court of appeals read *Glover* too broadly to apply to the alibi testimony here and also failed to adhere to the limited standard of review which appellate courts have over findings of the PCR court, we agree.

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052. One component of that duty is to investigate alibi witnesses identified by a defendant, and the failure to make some effort to contact them to ascertain whether their testimony would aid the defense is unreasonable. *Grooms v. Solem*, 923 F.2d 88, 90 (8th Cir.1991).

Here, in reversing the PCR court, the court of appeals relied on this Court's language in *Glover* that "since an alibi derives its potency as a defense from the fact that it involves the physical impossibility of the accused's guilt, a purported alibi which leaves it possible for the accused to be

the guilty person is no alibi at all" and its holding that a PCR petitioner is not prejudiced by his counsel's failure to interview a potential alibi witness who cannot present testimony that meets the legal definition of an alibi. *Glover*, 318 S.C. at 498, 458 S.E.2d at 540. In *Glover*, the petitioner was convicted of crimes that occurred in Williamsburg County and sought PCR on the basis his trial counsel failed to contact alibi witnesses who would have testified that he was in Florida at 8:00 a.m. on the day the crimes were committed. *Id.* at 497, 458 S.E.2d at 539. The Court found that because the crimes occurred at 8:30 p.m. and the drive between the petitioner's location in Florida and Williamsburg County was only approximately six and a half hours, the fact he was allegedly in Florida that morning did not make it physically impossible for him to have committed the crimes. *Id.* at 498, 458 S.E.2d at 540. Therefore, the Court held the alibi witnesses were not sufficient to create an alibi defense and the petitioner was not prejudiced by his counsel's failure to interview them. *Id.*

The court of appeals found Reed's testimony did not qualify as an alibi because "her testimony does not account for Walker's whereabouts on March 2, 2002, such that it was physically impossible that he committed the crimes." Therefore, the court concluded that under *Glover*, Walker could not establish the prejudice prong. Given our limited scope of review over findings of the PCR court, this was error. Moreover, the court of appeals misapprehended the applicability of *Glover* to this case.

The PCR court found Reed credible and after a series of questions concerning whether she spent the weekend of March 2, 2002, with Walker, she settled on a final answer that prior to Walker's arrest, she and Walker spent every weekend together. That testimony provides evidence supporting the PCR court's conclusion that Reed offered alibi testimony that reasonably could have resulted in a different outcome at trial. If true and construed as meaning at least that Walker and Reed spent every night together on the weekends prior to his arrest, it would be physically impossible for Walker to have committed the kidnapping and assaults. In other words, unlike *Glover* where the testimony of the alibi witnesses could have been true and the petitioner still could have committed the crime, it is not possible for Reed's testimony to be true

and for Walker to have committed the crime. While we acknowledge, as did the PCR court, that Reed's testimony was not as clear as it could have been, due in part to the passage of five years, one viable interpretation of it was that Walker spent the night of March 2 with her. Questions concerning the weight and believability of Reed's testimony were solely within the province of the PCR court, and through the narrow lens which we must view its findings, they are clearly supported by the record. Accordingly, we are constrained to affirm the PCR court's decision.

## CONCLUSION

We hold the court of appeals erred in finding Walker was not prejudiced by his trial counsel's failure to interview Reed as a potential alibi witness. Accordingly, we reverse the court of appeal's decision and affirm the PCR court's grant of relief.[1]

PLEICONES, BEATTY, KITTREDGE, JJ., and Acting Justice James E. Moore, concur.

---

1. Because our resolution of this issue is dispositive, we need not reach the other issues raised by Walker. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999).