**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Michael Gerald Dunbar, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2011-186255

---

**ON WRIT OF CERTIORARI**

---

Appeal From Lexington County
Rodney A. Peeples, Trial Judge
William P. Keesley, Post-Conviction Relief Judge

---

Unpublished Opinion No. 2014-UP-259
Heard June 2, 2014 – Filed June 25, 2014

---

**REVERSED**

---

Attorney General Alan McCrory Wilson and Assistant Attorney General John Walter Whitmire, of Columbia, for Petitioner.

John Dennis Delgado and John Clarke Newton, both of Bluestein Nichols Thompson & Delgado, LLC, of

Columbia, for Respondent.

_____

**PER CURIAM:** The State appeals the order of the circuit court granting Michael Dunbar post-conviction relief. We find the circuit court erred in holding Dunbar was prejudiced by trial counsel's allegedly deficient performance. *See Porter v. State,* 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006) ("In order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove: (1) that counsel failed to render reasonably effective assistance under prevailing professional norms; and (2) that the deficient performance prejudiced the applicant's case."); *Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating a court does not need to address both components of the inquiry if the defendant makes an insufficient showing on one and that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed"); *Walker v. State*, 407 S.C. 400, 405, 756 S.E.2d 144, 146 (2014) ("To prove prejudice, an applicant must show there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.").

**REVERSED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**