**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Edward Andrell Whitner, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-212576

---

**ON WRIT OF CERTIORARI**

---

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge
D. Garrison Hill, Post-Conviction Relief Judge

---

Unpublished Opinion No. 2015-UP-474
Heard May 4, 2015 – Filed October 7, 2015

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Karen Christine

Ratigan, and Assistant Attorney General John Walter Whitmire, all of Columbia, for Respondent.

---

**PER CURIAM:** In this action for post-conviction relief (PCR), Edward Andrell Whitner (Whitner) argues his Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated by trial counsel's failure to challenge the validity of the search warrant for a private residence. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense."); *Bagwell v. State*, 410 S.C. 259, 264, 763 S.E.2d 630, 633 (Ct. App. 2014), *cert. denied* (Feb. 27, 2015) ("To show counsel was deficient, the applicant must establish counsel failed to render reasonably effective assistance under prevailing professional norms. To show prejudice, the applicant must show that but for counsel's errors, there is a reasonable probability the result of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." (citations omitted)); *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice."); *Underwood v. State*, 309 S.C. 560, 562, 405 S.E.2d 20, 22 (1992) (finding where trial counsel articulates a valid reason for employing a certain trial strategy, such conduct will not be deemed ineffective assistance).

**AFFIRMED.**

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**