**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Onrae Williams, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-201112

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2016-UP-015
Submitted October 13, 2015 – Filed January 13, 2016

**AFFIRMED**

Elizabeth Scott Moise and Matthew Edward Brown, of
Nelson Mullins Riley & Scarborough, LLP, of
Charleston, for Petitioner.

Attorney General Alan McCrory Wilson, Assistant
Attorney General Ashleigh Rayanna Wilson, and
Assistant Attorney General Alicia A. Olive, of Columbia,
for Respondent.

**PER CURIAM:**  In this post-conviction relief (PCR) action, Onrae Williams appeals the PCR court's denial of his application for PCR.  Williams claims this court should reverse the PCR court's decision because (1) trial counsel failed to properly research and subsequently object to an enhanced mandatory life without parole (LWOP) sentence when legal uncertainty existed as to whether Williams' sentence could be enhanced, and (2) trial counsel failed to ensure Williams understood the consequences of rejecting a plea bargain and proceeding to trial when the State was seeking mandatory LWOP.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether trial counsel was ineffective for failing to properly research and subsequently object to an enhanced mandatory LWOP sentence: *State v. Morgan*, 352 S.C. 359, 366–67, 574 S.E.2d 203, 206–07 (Ct. App. 2002) ("If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no need to employ rules of statutory interpretation and the court has no right to look for or impose another meaning."); S.C. Code Ann. § 17-25-45(A)(2)(a) (2014) ("Notwithstanding any other provision of law, except in cases in which the death penalty is imposed, upon a conviction for a most serious offense as defined by this section, a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has . . . two or more prior convictions for . . . a serious offense . . . ."); S.C. Code Ann. § 17-25-45(C)(2)(b) (Supp. 2015) (stating felony convictions for possession with intent to distribute cocaine within the proximity of a school and distribution of cocaine within the proximity of a school are each classified as a "serious offense"); S.C. Code Ann. § 17-25-45(C)(3) (2014) ("'Conviction' means any conviction, *guilty plea*, or plea of nolo contendere." (emphasis added)); *see also* S.C. Code Ann. § 63-19-20(1) (2010) ("'Child' or 'juvenile' means a person less than seventeen years of age."); *United States v. Crumblin*, 441 F. App'x 180, 183–84 (4th Cir. 2011) (holding defendant's felony conviction at the age of seventeen for purposes of his career offender status was not a juvenile conviction, despite defendant's youthful offender sentence, because he was neither a child as defined by section 63-19-20 nor did the family court have exclusive jurisdiction over defendant as required for sentencing as a juvenile).

2. As to whether trial counsel failed to ensure Williams understood the consequences of rejecting his plea bargain and proceeding to trial when the State was seeking mandatory LWOP: *Walker v. State*, 407 S.C. 400, 404–05, 756 S.E.2d 144, 146 (2014) (stating to prevail on an ineffective assistance of counsel claim, a PCR applicant must demonstrate (1) "counsel was deficient" and (2) "the

deficiency resulted in prejudice" (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984))); *id.* at 405, 756 S.E.2d at 146 (acknowledging an appellate court's great deference to a PCR court's findings on matters of credibility); *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012) (requiring an applicant alleging he rejected a plea offer because of counsel's deficient advice to establish prejudice by showing "there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed" (emphasis omitted)); *Thompson v. State*, 340 S.C. 112, 115, 531 S.E.2d 294, 296 (2000) (establishing the burden of proving entitlement to PCR is upon the PCR applicant).

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.