# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Anthony Marquise Martin, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2016-002458

———

Appeal From Aiken County
Robert E. Hood, Circuit Court Judge

———

Opinion No. 27900
Submitted April 15, 2019 – Filed July 17, 2019

———

## REVERSED AND REMANDED

———

Appellate Defender David Alexander, of Columbia, for
Petitioner.

Attorney General Alan Wilson and Senior Assistant
Deputy Attorney General Megan Harrigan Jameson, both
of Columbia, for Respondent.

———

**JUSTICE KITTREDGE:** We granted a writ of certiorari to review the denial of
Petitioner Anthony Martin's application for post-conviction relief (PCR). We
reverse and remand for a new trial.

Petitioner was convicted of armed robbery and criminal conspiracy in Aiken
County. Petitioner alleged in his PCR application that his trial attorneys were
ineffective for failing to elicit testimony from Petitioner's mother regarding the
*specific* timeline of Petitioner's purported alibi. Petitioner contended that he was in

Atlanta, Georgia, at the time of the robbery in South Carolina. Relief was denied because Petitioner failed to present his mother's testimony at the PCR hearing regarding the alibi defense. Ordinarily, the absence of a purported alibi witness's testimony is fatal, but in this case, counsel admitted they were aware of the specific timeline furnished by the mother, yet failed to introduce it. That testimony, if presented and believed, would have made it impossible for Petitioner to be in Aiken County at the time of the robbery. We grant post-conviction relief and remand for a new trial.

## I.

Petitioner was convicted of robbing a branch of Bank of America on West Martin Town Road in North Augusta, South Carolina, at 12:20 p.m. on April 23, 2009, along with three codefendants. There was no evidence linking Petitioner to the robbery other than the testimony of the codefendants, who admitted their guilt, cooperated with law enforcement, and implicated Petitioner.

In his defense, Petitioner presented testimony from two witnesses, one of whom was his mother. At the time of the robbery, Petitioner lived with his mother in Snelville, Georgia, which is approximately thirty miles outside Atlanta. Regarding the day of the robbery, the mother's testimony at trial indicated only that she dropped Petitioner off in the morning at a bus stop in Atlanta. However, the mother had given a statement to trial counsel revealing that she dropped Petitioner off "around 11:15, 11:30" on the day of the robbery. Trial counsel conceded Petitioner's file contained that specific and critical piece of information.[1] Inexplicably, trial counsel did not elicit the precise drop-off time; the jury was left only with the fact that Petitioner was dropped off in Atlanta sometime in the morning.

During closing arguments, Petitioner's counsel challenged the codefendants' testimony, essentially arguing they were admitted thieves and liars who had changed their story to law enforcement multiple times. Counsel further argued that no other evidence pointed to Petitioner's involvement, such as victim or third-party identification testimony or scientific evidence. However, trial counsel never

---

[1] Trial counsel acknowledged at the PCR hearing that it is about 150 miles from Atlanta to North Augusta. According to Google Maps, the shortest route from Atlanta to North Augusta is approximately 150 miles and takes more than two hours to drive.

argued Petitioner had an alibi for the time of the crime. Nevertheless, the jury asked to rehear the alibi testimony. Eventually, the jury found Petitioner guilty.

The PCR court denied Petitioner relief, finding Petitioner did not present evidence of an alibi defense and Petitioner could not prove prejudice because there was overwhelming evidence of his guilt. We granted Petitioner's petition for a writ of certiorari to review the PCR court's decision.

## II.

The State first argues Petitioner failed to meet his burden of proof because he did not provide sufficient evidence—the in-person testimony of the alibi witness—at the PCR hearing. Additionally, the State asserts, even if Petitioner provided sufficient evidence, the PCR court correctly found Petitioner was not prejudiced because there was overwhelming evidence of his guilt. We disagree.

In order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove that trial counsel was deficient and that this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The PCR applicant "must show trial counsel's performance fell below an objective standard of reasonableness." *Matthews v. State*, 350 S.C. 272, 275, 565 S.E.2d 766, 768 (2002). Prejudice may be found where counsel's deficiency undermined confidence in the outcome of the trial. *Rutland v. State*, 415 S.C. 570, 577, 785 S.E.2d 350, 353 (2016). The Court "defer[s] to the PCR court's factual findings and will uphold them if supported by any evidence in the record. . . . Questions of law are reviewed de novo, and [the Court] will reverse the PCR court if its decision is controlled by an error of law." *Frierson v. State*, 423 S.C. 257, 262, 815 S.E.2d 433, 436–37 (2018) (internal quotations omitted).

## III.

If a PCR applicant claims trial counsel was ineffective for failing to interview or call alibi witnesses, then the "applicant must produce the witnesses at the PCR hearing *or otherwise introduce the witnesses' testimony in a manner consistent with the rules of evidence*." *Glover v. State*, 318 S.C. 496, 498–99, 458 S.E.2d 538, 540 (1995) (emphasis added). "The applicant's mere speculation what the witnesses' testimony would have been cannot, by itself, satisfy the applicant's burden of showing prejudice." *Id.* at 499, 458 S.E.2d at 540; *see Pauling v. State*, 331 S.C. 606, 611, 503 S.E.2d 468, 471 (1998) (finding PCR applicant established prejudice where applicant presented "evidence as to the nature of the nurse's testimony by introducing her [] notes," and even though the nurse may not have

had an independent recollection of the case, "[her] notes . . . could have been used to refresh her recollection" at trial).

In some cases, there is "'overwhelming' [evidence] such that it categorically precludes a finding of prejudice." *Smalls v. State*, 422 S.C. 174, 190–91, 810 S.E.2d 836, 844–45 (2018). However, "the evidence must include something conclusive, such as a confession, DNA evidence demonstrating guilt, or a combination of physical and corroborating evidence so strong that the *Strickland* standard of 'a reasonable probability the factfinder would have had a reasonable doubt' cannot possibly be met." *Id.* at 191, 810 S.E.2d at 845 (internal alteration marks omitted) (quoting *Strickland*, 466 U.S. at 695); *see, e.g.*, *Franklin v. Catoe*, 346 S.C. 563, 574, 552 S.E.2d 718, 724 (2001) (finding there was overwhelming evidence where the evidence included the applicant's DNA on the victim's body, the victim's blood on the applicant's pants, and the applicant's bloody palm print on the murder weapon). Additionally, the strength of the State's evidence should be viewed in light of trial counsel's errors such that there "is no reasonable possibility [counsel's errors] contributed in any way to [the applicant's] convictions." *Smalls*, 422 S.C. at 191, 810 S.E.2d at 845 (quoting *Franklin*, 346 S.C. at 574–75, 552 S.E.2d at 725).

Here, we find as a matter of law that Petitioner's trial attorneys were deficient for not eliciting the specific alibi timeline testimony from Petitioner's mother. Lead counsel candidly admitted his file contained the mother's statement concerning the "around 11:15, 11:30 a.m." drop-off in Atlanta. Without the specific timeline testimony, Petitioner failed to establish a legal alibi. *See State v. Robbins*, 275 S.C. 373, 375, 271 S.E.2d 319, 320 (1980) ("[A] purported alibi which leaves it possible for the accused to be the guilty person is no alibi at all." (citation omitted)). We now turn to the question of whether Petitioner was prejudiced by counsel's deficient representation.

The State resists a finding of prejudice on the basis of overwhelming evidence of guilt, a position we categorically reject. The evidence against Petitioner was far from overwhelming. *See Smalls*, 422 S.C. at 191, 810 S.E.2d at 845. The only people who placed Petitioner at the robbery were the three codefendants, two of whom conceded they testified in hopes of a favorable deal with the State and two of whom admitted lying to law enforcement during the investigation in an effort to exonerate themselves and their codefendants. Further, the three codefendants all claimed to be good friends with one another, but they hardly knew Petitioner. Additionally, the forensics team was unable to find anything of evidentiary value connecting Petitioner to the crime.

As noted above, the jury asked during deliberations to rehear the alibi testimony. *See State v. Blassingame*, 271 S.C. 44, 46–47, 244 S.E.2d 528, 530 (1978) (finding when a jury submits a question to the court following a jury charge, it is reasonable to assume the jury is focusing "critical attention" on the specific question asked); *see also Lounds v. State*, 380 S.C. 454, 463, 670 S.E.2d 646, 651 (2008) (finding a jury's questions during deliberations—asking to rehear testimony and jury charges—indicated they were struggling with several aspects of witnesses' accounts, and further finding "if additional witnesses had confirmed [the] petitioner's testimony, there is a reasonable likelihood the result of the trial would have been different"). Therefore, we conclude counsel's failure to present the known and available alibi evidence—the specific drop-off time in Atlanta—undermined confidence in the outcome of Petitioner's trial.[2] In sum, there is no evidence to support the PCR court's finding of no prejudice.[3]

## IV.

We reverse and remand for a new trial.[4]

**REVERSED AND REMANDED.**

**BEATTY, C.J., HEARN, FEW and JAMES, JJ., concur.**

---

[2] To state the obvious, if the mother's specific alibi testimony had been presented and believed, it would have made it impossible for Petitioner to travel by car from Atlanta to Aiken County and participate in the robbery at 12:20 p.m.

[3] The PCR court also based its finding of overwhelming evidence on the fact that Petitioner's three "co-defendants testified against him at trial . . . [and Petitioner] did not dispute the evidence against him." This finding of the PCR court is erroneous and troubling in two respects. First, Petitioner had a constitutional right to remain silent at trial. Second, Petitioner most assuredly disputed the charges through his alibi plea.

[4] Petitioner has raised other issues, which we need not address. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 612 (1999) (finding an appellate court does not need to address the remaining issues when the resolution of the prior issue is dispositive).